**Robert WADE, Appellant,**

v.

**CITY OF PITTSBURGH, Victor Muto and William Burke, Appellees.**

**No. 84–3590.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6), May 2, 1985.

Decided June 26, 1985.

Rehearing and Rehearing En Banc Denied July 26, 1985.

---

Wendell G. Freeland, Pittsburgh, Pa., for appellant.

D.R. Pellegrini, City Sol., Marvin A. Fein, Deputy City Sol., Dept. of Law, City of Pittsburgh, Pittsburgh, Pa., for appellee, City of Pittsburgh.

Bryan Campbell, Pittsburgh, Pa., for appellees, Victor Muto and William Burke.

Before SEITZ, WEIS, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this civil rights case, the district court, relying on a state court judgment in a common law negligence suit arising out of the same occurrence, applied the bar of res judicata. Because the state judgment was based on statutory immunity not germane to the federal suit, we conclude that claim preclusion is not applicable. Accordingly, we will vacate the judgment in favor of defendants.

In the federal court suit, plaintiff charged that he was illegally arrested and assaulted by defendant police officers Muto and Burke. For the resulting physical and emotional harm, he sought damages under 42 U.S.C. §§ 1981, 1983 and 1985(2) & (3) from the two officers as well as the city. The district court granted summary judgment to all defendants based on the earlier judgment in state court where plaintiff had sued the city for negligence. Plaintiff has appealed the judgment in favor of each of the defendants.

The plaintiff's earlier complaint in the state court was based on the same incident but named as a defendant only the City of Pittsburgh. The state complaint asserted common law negligence claims and did not refer to the Civil Rights Acts. The state court granted summary judgment to the city pursuant to a Pennsylvania statute extending immunity to municipalities. Plaintiff took an appeal that was withdrawn after the filing of this action in federal court.

After the United States Supreme Court decided *Migra v. Warren School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the district court entered judgment for the city on claim preclusion grounds. The court reasoned that plaintiff could have pleaded his § 1983 case in the prior state proceeding. As the court interpreted Pennsylvania preclusion law, failure to include the civil rights claims in the state litigation barred a later federal action against the city. Because the police officers were employees of the city, the court found that they were in privity and that res judicata applied to them as well.

On appeal, plaintiff concedes that Pennsylvania law controls, but contends that the district court erred in its application. The city argues that because the evidence required to prove the claims in each case is virtually identical, res judicata bars the federal suit. The individual defendants echo the privity concept relied upon by the district court.

The resolution of the issues in this case begins with the state court judgment in favor of the city based on the Political Subdivision Tort Claims Act, 42 Pa.Cons. Stat.Ann. §§ 8541–59 (1980). Section 8541 provides that with certain exceptions not applicable here, "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof...."

 This governmental immunity statute, although effective against a state tort claim, has no force when applied to suits under the Civil Rights Acts. The supremacy clause of the Constitution prevents a state from immunizing entities or individuals alleged to have violated federal law. This result follows whether the suit to redress federal rights is brought in state or

federal court. *Martinez v. California,* 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980); *Mancini v. Lester,* 630 F.2d 990, 994 (3d Cir.1980); *McLaughlin v. Tilendis,* 398 F.2d 287 (7th Cir.1968). Were the rule otherwise, a state legislature would be able to frustrate the objectives of a federal statute. Had plaintiff joined a count under § 1983[1] in the first suit, it is clear that the state court could not have used the immunity statute to enter judgment for the city on the federal claims. *See Morris v. Musser,* 84 Pa.Commw. 170, 478 A.2d 937 (1984).

Having established the basis for the state court judgment, we next consider its effect on the then pending federal suit. It is helpful to briefly review the *Migra* decision. There, the plaintiff alleged that she had been wrongfully discharged from employment and sought recovery in the state court in two counts, contract and tort. After recovering a judgment on the contract count, she withdrew the unresolved tort issues from the state court. She then filed a suit in the federal district court alleging that the same incident underlying the state court judgment was a violation of her federal civil rights. The Supreme Court held that the federal court was obliged to grant the same preclusive effect to the state court judgment as would the courts of that state.

In the case at hand, *Migra* required the district court to apply Pennsylvania law in determining the effects of the judgment in the state court. The city argues that res judicata applies not only to claims that were actually raised but also to those which could have been presented. *See In re Estate of R.L.L.,* 487 Pa. 223, 228 n. 7, 409 A.2d 321, 323 n. 7 (1979); *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 232, 464 A.2d 1313, 1318 (1983) (citing Restatement of Judgments 2d § 24). Therefore, the city maintains be-

cause plaintiff's federal claims could have been raised in state court, they are barred even though they were never litigated.

Although the parties to this appeal describe the issue as one of res judicata, the Restatement of Judgments 2d and commentators in recent years have preferred the term "claim preclusion." *See* 18 C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 4402 (1981); *see also Migra,* 465 U.S. at —— n. 1, 104 S.Ct. at 894 n. 1. Similarly, "issue preclusion" is used instead of the older "collateral estoppel." Consequently, our references to "res judicata" in the older Pennsylvania cases are used in the sense of claim preclusion. *See Duquesne Slag Products v. Lench,* 490 Pa. 102, 107, 415 A.2d 53, 56 (1980) (Roberts, J. *dissenting*); *Barnes v. Buck,* 464 Pa. 357, 365 n. 10, 346 A.2d 778, 782 n. 10 (1975) (per Pomeroy, J.).

Pennsylvania courts have held that for res judicata to apply there must be identity of: the thing sued on; the cause of action; the parties; and the quality or capacity of the party suing or being sued. *Duquesne Slag Products v. Lench,* 490 Pa. at 105, 415 A.2d at 55. The parties in the case at hand have devoted much of their arguments to the correlation of those factors in the state and federal proceedings involved. That effort has been largely misdirected because it overlooks a basic prerequisite for the application of claim preclusion. In *Bearoff v. Bearoff,* 458 Pa. 494, 327 A.2d 72 (1974), the state Supreme Court said that an earlier judgment in a dispute between the same parties has res judicata effect, "[w]hen a court of competent jurisdiction has determined a litigated case *on its merits....*" 458 Pa. at 498, 327 A.2d at 75. (emphasis added). The critical words are "on the merits."[2]

The Restatement of Judgments 2d found fault with the term "on the merits" be-

---

**1.** We assume, although we do not decide, that the state courts have jurisdiction over suits under 42 U.S.C. § 1981 and § 1985. *See Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947).

**2.** For example, a judgment based on jurisdictional grounds may present the identity of parties and issues required by the Pennsylvania cases and nevertheless lack res judicata effect in a forum where the jurisdictional defect is not present.

cause of its "possibly misleading connotations." Restatement of Judgment 2d § 19, comment a. It points out that a judgment based on dismissal for failing to follow court procedures, or one entered by default, while not actually based on the merits, nevertheless has preclusive effect. *See, e.g., Albright v. The Wella Corp.,* 240 Pa.Super. 563, 359 A.2d 460 (1976).

However, the Restatement lists other circumstances in which a judgment would not bar a later suit. *See* § 20. For example, a judgment based on expiration of the statute of limitations in one forum may not necessarily bar a suit on the same cause of action in another jurisdiction, although it would in the original. *See, e.g., Hartmann v. Time, Inc.,* 166 F.2d 127, 138 (3d Cir. 1948).

Statements in Pennsylvania appellate opinions are consistent with language of the Restatement. In *Safeguard Mutual Ins. Co. v. Williams,* 463 Pa. 567, 576, 345 A.2d 664, 669 (1975), the court declined to apply claim preclusion where the parties had not had a "full and fair opportunity to litigate the issues that primarily concerned them in the earlier action."

In *Keystone Building Corp. v. Lincoln Saving and Loan Assoc.,* 468 Pa. 85, 360 A.2d 191 (1976), the court denied preclusive effect to an equitable decree which the parties had apparently intended to be limited in scope. The court remarked, "Thus, although the requisite identities for res judicata are present there has not been a final judgment on the merits of the liability question." *Id.* at 92, 360 A.2d at 195.

*Callery v. Municipal Authority,* 432 Pa. 307, 312, 243 A.2d 385, 387 (1968), concluded, "The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to ap-

pear and assert their rights." Along the same line, in *Haefele v. Davis,* 399 Pa. 504, 508, 160 A.2d 711, 713 (1960), the state Supreme Court quoted an earlier case: "A former judgment is not conclusive of anything which was not directly decided by it or was not material to the decision. Before such effect can be given to it in another suit, it should appear ... that [the earlier decision] rested on the precise questions which it is sought again to agitate."

A careful review of the cases shows that the Pennsylvania courts sometimes interchange the concept of judgment on the merits with the requirement of identity of the issues. But, that possible confusion in classification should not affect the result here.[3]

The cautious treatment that the older cases extend to claim preclusion persists, and the notion that a party should have the opportunity to have his case decided on the merits still has vitality. *Consolidation Coal Co. v. District 5, United Mine Workers of America,* 336 Pa.Super. 354, 485 A.2d 1118 (1984), confirms the continuing importance of this principle in Pennsylvania case law. In that case the Superior Court reversed a judgment based on res judicata, holding that a preliminary injunction entered in an earlier action between the same parties could not serve as a "judgment on the merits." *Id.* at 363, 485 A.2d at 1122.

*Consolidation Coal* distinguishes cases such as *Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425 (1968), which favor the rule against splitting a cause of action.[4] The court noted that in *Spinelli,* unlike the case before it, "there was a full hearing on the merits wherein the plaintiff had the opportunity to raise all possible claims against the defendant." *Id.* at 364, 485 A.2d at 1123.

**3.** Plaintiff argues that the suits filed in the state and federal courts did not involve the identical cause of action. *See Davis v. United States Steel,* 688 F.2d 166 (3d Cir.1982). We decline to address this problem preferring to decide the case based on our analysis of the "on the merits" issue.

**4.** In *Spinelli,* the plaintiff suffered personal injuries and his automobile was damaged in a collision. He first received a judgment for the damage to the car and later filed a suit for personal injuries. That later suit was barred by res judicata, the court holding that the plaintiff had split his cause of action.

Although generally advocating more extensive use of claim preclusion, the Restatement also reflects the traditional concern for the character and quality of the prior judgment alleged to have preclusive effect. For example, despite its disclaimer of "on the merits," the Restatement uses that term in several instances. In setting forth an expansive concept of "transaction" to explain the nature of a claim which may be barred, § 24 refers to a disposition *"on the merits."* Comment h to that section discusses the problem of multiple claims and reads in part, "as provided in this section, a plaintiff who brings an action on part of a claim and succeeds or loses *on the merits* may not sue to recover upon the rest of the claim." (Emphasis added). *See, e.g., Spinelli v. Maxwell.*

The same language reappears in comment d to § 25. "Having been defeated on the merits in one action, a plaintiff sometimes attempts another action seeking the same or approximately the same relief but adducing a different substantive law premise or ground." In that circumstance, the Restatement concludes that the plaintiff would not recover. Significantly, in each of the illustrations to comment d, the judgment in the first case occurs after development of the facts at a trial and then is used to bar a second suit.

Comment e to § 25 is closer in some respects to the facts presented in the case at hand. That comment discusses the situation where "a given claim may find support in theories or grounds arising from both state and federal law." If there are no jurisdictional obstacles to bringing both suits in the same forum, the failure to include one of the two claims would bar the omitted claim after judgment is entered on the other. *See, e.g., Towers, Perrin, For-*

*ster & Crosby, Inc. v. Brown,* 732 F.2d 345, 348 (3d Cir.1984) (applying California law). Once again, it is significant that the two illustrations cited by the Restatement are cases in which the judgment is entered only after a trial on the merits.

The final sentence of comment e is noteworthy. "If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded."

If claim preclusion is not applicable in that situation, then it should not be invoked in a case where a state judgment is based on a legal defense unrelated to the merits of the transaction and which has no possible application to the federal claim asserted in the second suit. Consequently, we predict that under Pennsylvania law, if a judgment is entered before development of the merits and is based on a collateral defense applicable only to the first action, claim preclusion would not apply.

■■■ The application of this principle to the facts at hand is self-evident. Plaintiff had closely related claims against the City of Pittsburgh under both state and federal law. The judgment secured in state court was not based on a factual development of the occurrence but on statutory immunity—a defense having no bearing on the wrongful conduct on the part of the city or the injury sustained by plaintiff. The defense was collateral, and in no sense does the judgment based on it look to the merits.[5]

---

**5.** There is another reason why claim preclusion should not be applied here. In the circumstances of this case, it is questionable that there was a full and fair opportunity to litigate the federal claim in the state suit. State courts do have concurrent jurisdiction over suits under 42 U.S.C. § 1983, but when this plaintiff filed his state suit, *New Jersey Education Assn. v. Burke,* 579 F.2d 764 (3d Cir.1978), was the law in this circuit. In *Burke,* we held that federal civil rights actions would not be barred by earlier state court litigation unless the federal claim had actually been pressed in, and decided by, the state court. Under *Burke,* the plaintiff in this case was justified in believing that his state suit would have no preclusive effect on a later federal action. *Migra* has now cast some doubt on *Burke.*

In light of the law in effect when plaintiff filed his state suit in 1980, we believe that the state supreme court would hold that the plaintiff did

Because the initial judgment was not based on the merits, and state law makes that a prerequisite for application of res judicata, the inquiry could stop at this point.

 If plaintiff had included his federal claims in the state court action the practical effects would not differ substantially. As noted earlier, the state immunity defense would not have defeated the federal claim, and the city would have continued to be exposed to it. From the claim preclusion standpoint, therefore, there is little real difference whether the still viable § 1983 claim would have been presented in the initial state case or in the federal court. One purpose underlying the doctrine of claim preclusion is the prevention of duplicative litigation, but as a practical matter that concern is not present in a case such as this: "when ... the first action is never fully litigated [and] a party is not subjected to the inconvenience of having to re-litigate. Furthermore, when a final judgment is not entered in the first action, a controversy remains for the courts to resolve." *Consolidated Coal Co. v. Dist. 5, United Mine Workers of America, Id.* at 363, 485 A.2d at 1123.

*Love v. Temple University,* 422 Pa. 30, 220 A.2d 838 (1966), which initially appears to be inconsistent with our analysis, proves on examination to be inapposite. In that case, a personal injury claim against one of the defendants, a hospital, was dismissed on the then existing ground of charitable immunity. Some years later the immunity defense was abolished, and the trial court reinstated the claim against the hospital. The state supreme court reversed, holding that the trial court lacked the power to vacate its earlier judgment. Because it had not been appealed, the order had become a final one carrying with it res judicata effect.

The *Love* court spoke of "res judicata" but it was clearly applying "issue preclusion" rather than "claim preclusion" as those terms are used in the Restatement of Judgments 2d. The plaintiff in that case was attempting to relitigate an issue—the hospital's immunity—that had already been finally decided after actual litigation. The subsequent change in the law relied on by the plaintiff was not a sufficient reason to upset the prior judgment.

 Since *Love* was an issue preclusion case, the concept of judgment "on the merits" was unimportant. In such a case, even a "non-merits judgment" is conclusive "as to those matters actually adjudged." *Acree v. Air Line Pilots Ass'n.,* 390 F.2d 199, 203 (5th Cir.1968). By contrast, the case at hand is one of claim preclusion. Because the effect in such a case extends to matters that were not actually litigated in the prior action, claim preclusion may only be applied where there is a judgment on the merits in the earlier case.[6]

In summary, we conclude that the judgment in favor of the City of Pittsburgh based on state statutory immunity does not preclude a federal claim arising out of the same transaction, whether the suit on that claim be filed in state or federal court. Since claim preclusion does not operate to bar suit against the city, it follows that the judgment entered in favor of the defendants Muto and Burke on privity grounds must also be vacated.

 There is an additional ground for reversing the judgment in favor of the individual police officers. Under the Pennsylvania immunity statute, a judgment absolving the municipality of liability under § 8542 of the Act normally operates as a

---

not have a "full and fair opportunity" to present his federal claim in the earlier state action because of justifiable reliance on *Burke.* Since this is a necessary element of the defense of claim preclusion, state law dictates that it should not apply here.

6. In *Haines v. City of Allentown,* 237 Pa.Super. 188, 355 A.2d 588 (1975), the Pennsylvania Su-

perior Court, confronted with the same factual pattern as in *Love,* followed that case and applied res judicata. The result was correct, but in its opinion the court used dictum about judgment on the merits which might be misleading. *Haines,* like *Love,* was an issue preclusion case in which there was no requirement of judgment on the merits.

bar to any further action against the municipal employee "whose act gave rise to the claim." 42 Pa.Cons.Stat.Ann. § 8557. Section 8542, however, applies only to claims against a municipality based on "negligent acts" of employees. The Act states that such negligent conduct "shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." § 8542(a)(2).

In this case the complaint clearly alleges conduct—assaults and abusive treatment— amounting to "willful misconduct." Thus, there was no cause of action for which the city's immunity would be extended to an employee under § 8542. Consequently, the state court judgment for the city would be no bar to a later suit against the officers based on allegations of willful misconduct such as assault, false imprisonment, or battery.

Employees who are found to have committed willful misconduct are also denied other protections of the Act such as the defense of official immunity, indemnification from the municipality, and limitation of the amount of damages. 42 Pa.Cons.Stat. Ann. § 8550. *See Morris v. Musser*, 84 Pa.Commw. 170, 478 A.2d 937 (1984). *Overstreet v. Borough of Yeadon*, 327 Pa. Super. 291, 475 A.2d 803 (1984). It follows that the district court's application of res judicata and the doctrine of privity to enter judgment in favor of the police officers was inconsistent with the provisions of the Immunity Act.

Accordingly, the judgments of the district court will be vacated and the case remanded for further proceedings consistent with this opinion.