**Stephen J. STOCK**

v.

**FORBES HEALTH SYSTEM.**

Civ. A. No. 87–2085.

United States District Court, W.D. Pennsylvania.

Oct. 31, 1988.

Mark J. Homyak, Hess Reich Georgiades Ray & Homyak, Pittsburgh, Pa., for plaintiff.

Robert W. Murdoch, Grogan Graffam McGinley & Lucchina, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

On May 14, 1987, plaintiff was involuntarily committed to the psychiatric ward of Forbes Health Systems. Plaintiff claims that he was and is perfectly sane, but was committed on the word of his wife who does in fact suffer from mental illness. Plaintiff alleges that he was not afforded the series of examinations, reviews and hearings required by the Mental Health Procedures Act, (MHPA) 50 Pa.Stat.Ann. § 7101 et seq., and so he filed this § 1983 action alleging deprivation of liberty without due process.

Defendant has filed a motion for summary judgment, asserting immunity under the Political Subdivisions Tort Claim Act, 42 Pa.C.S.A. § 8541 et seq., and the MHPA, 50 Pa.Stat.Ann. § 7114. The first is easily disposed of because this Circuit has expressly held that the Political Subdivisions Tort Claim Act provides no bar to liability on civil rights claims. *Wade v. City of Pittsburgh*, 765 F.2d 405 (3d Cir.1985).

Although no court has yet addressed the effect of the MHPA's immunity provisions on civil rights claims, we think that the rationale in *Wade* compels the same result;

> This governmental immunity statute, although effective against a state tort claim, has no force when applied to suits under the Civil Rights Acts. The supremacy clause of the Constitution prevents a state from immunizing entities or individuals alleged to have violated federal law.... Were the Rule otherwise, a state legislature would be able to frustrate the objectives of a federal statute.

765 F.2d at 407–408. The state's grant of immunity in the MHPA cannot shield defendants from liability for violations of due process guarantees.

It should also be noted that the MHPA in its Statement of Policy requires adherence to principles of due process. It would be anomalous to read one provision of the Act as ensuring due process guarantee and in another provision absolve all violations. Furthermore, the immunity provisions purport to immunize officials for their treatment decisions, not for failure to conduct the required examinations reviews and hearings in a timely fashion, as is alleged here.

For the reasons stated we conclude that neither the Political Subdivisions Tort Claim Act nor the Mental Health Procedures Act provides any immunity from liability on plaintiff's Section 1983 action. Defendant's motion for summary judgment will therefore be denied.

Plaintiff has also filed a motion for leave to amend to add as defendants three physicians who examined or treated him during his involuntary commitment. However, plaintiff has failed to submit his Proposed Amended Complaint, without which we are unable to determine the wisdom or propriety of amendment. We will require plaintiff

to submit the proposed amendment for our consideration.