**Lynda CRIGHTON, et al., Plaintiffs,**

v.

**SCHUYLKILL COUNTY,
et al., Defendants.**

Civ. A. No. 94–5658.

United States District Court,
E.D. Pennsylvania.

March 6, 1995.

Catherine Merino Reisman, Willig, Williams & Davidson, Philadelphia, PA, for plaintiffs.

Robert M. Britton, Leah Perry, Post & Schell, P.C., Philadelphia, PA, for defendant John Kline.

Robert St. Leger Goggin, Marshall, Dennehy, Warner, Coleman & Goggin, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

This Memorandum and Order concerns the First Amended Complaint filed by Plaintiffs Linda Nedig, Bernadine DeAngelo, Carol Kalinich, Sandi Mendinsky, and Barbara Schwartz (collectively "Plaintiffs"). Pending before the Court is Defendants Schuylkill County, Warden David J. Kurtz, Paul Sheers, Franklin L. Shollenberger, Maryann Conway, Sheriff Francis McAndrew, Claude A. Lord Shields, and A. Thompson Rhoads' Motion to Dismiss Plaintiffs' First Amended Complaint. For the reasons stated below, the motion is **GRANTED IN PART, DENIED IN PART.**

### I. *Introduction*

Plaintiffs are correctional officers employed by Schuylkill County ("the County") in the Schuylkill County Prison. Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and state law against the following defendants: John Kling, a former supervisor at the prison; the County; Warden David J. Kurtz; A. Thompson Rhoads, County Administrator; and five members of the Schuylkill County Prison Board—Paul Sheers, Franklin L. Shollenberger, Maryann Conway, Sheriff Francis McAndrew, and Claude A. Lord Shields. With the exception of the County, Defendants are sued in their individual and official capacities.

Plaintiffs allege that since Defendant Kling was hired in 1989, he subjected female Schuylkill County Prison employees to a hostile work environment on the basis of their sex. First Am.Compl. at 3. Plaintiffs allege numerous examples of the behavior Kling directed towards Plaintiffs. First Am. Compl. at 4–7. In the summer of 1994, the

County investigated Defendant Kling, and in September 1994, the County terminated his employment. First Am.Compl. at 7–8.

Counts I through IX seek relief pursuant to 42 U.S.C. § 1983 for denial of equal protection and civil rights. Counts I, II, IV, V, VI, VII, VIII, and IX raise similar claims against the County, Kurtz, Sheers, Shollenberger, Conway, McAndrew, Shields, and Rhoads, respectively. In each count, Plaintiffs allege that the named defendant failed: (1) to provide Plaintiffs with a workplace free from physical and verbal sexual harassment, (2) to respond to complaints, (3) to thoroughly investigate complaints in a timely manner, (4) to discipline workers who perpetrated, acquiesced in, or ignored sexual harassment, and (5) to disseminate an anti-sexual harassment policy. First Am.Compl. at 11. Furthermore, Count I alleges that because Warden Kurtz knew about Kling's behavior since 1989, the County was liable pursuant to section 1983 for violations of the equal protection clause caused by a sexually discriminatory hostile working environment created by Defendant Kling in the prison.

Count X alleges Defendants violated the Pennsylvania Equal Rights Amendment ("ERA"), Pa. Const. art. I, § 28, while Count XI alleges the County violated Art. I, § 26 of the Pennsylvania Constitution. Counts XII, XIII, and XIV raise state negligence claims against Defendants Kurtz, Sheers, Shollenberger, Conway, McAndrew, Shields, and Rhoads.

## II. *Discussion*

### A. Standard of Review

When deciding a motion to dismiss, district courts take as true all factual allegations in the complaint and all inferences that reasonably can be drawn from them. *Piecknick v. Commonwealth of Pa.*, 36 F.3d 1250, 1255 (3d Cir.1994); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). A district court may dismiss a complaint only if it appears beyond doubt that the plaintiff can prove no facts which would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Ransom*, 848 F.2d at 401.

### B. Section 1983 Claim

The Supreme Court has set forth the two essential elements of a section 1983 action: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

#### 1. Individual Capacity Claims

Defendants argue that the complaint fails to set forth facts suggesting that Defendants Sheers, Shollenberger, Conway, McAndrew, Shields, and Rhoads may be liable in their individual capacities. Defs.' Br. at 7. Counts IV, V, VI, VII, VIII, and IX do not allege that they personally harassed Plaintiffs.

There is no respondeat superior liability under section 1983. *Fagan v. City of Vineland*, 22 F.3d 1283, 1291 (3d Cir.1994). To impose liability on a supervisor, "there must be some affirmative conduct by the supervisor that played a role in the discrimination." *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir.1990). The necessary involvement may be shown through (1) allegations of personal direction or actual knowledge and acquiescence, or (2) proof of direct discrimination by the supervisor. *See id.* However, *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720 (3d Cir.1989), *cert. denied*, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990), supports Plaintiffs' argument that section 1983 liability may be imposed for adopting and maintaining a practice, custom, or policy of reckless indifference to Plaintiffs' constitutional rights.

As it does not appear beyond a doubt that Plaintiffs can prove no facts to support their claims, the Court will not dismiss Counts IV, V, VI, VII, VIII, and IX.

#### 2. Claims Against Defendants in their Official Capacities

Defendants argue that the claims against Defendants Kurtz, Sheers, Shollen-

berger, Conway, McAndrew, Shields, and Rhoads in their official capacities merge with the claims against the County and that *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), requires the Court to dismiss the claims against these seven defendants in their official capacities.

While *Brandon v. Holt* held that judgments against public servants their official capacities impose liability on the entities they represent, 469 U.S. at 471–73, 105 S.Ct. at 878, *Brandon* does not direct a district court to dismiss claims against defendants sued in their official capacities when a government entity is also named. Motions to dismiss pursuant to Rule 12(b)(6) test the validity of the complaint. A claim that is redundant is not necessarily invalid. The Court will not dismiss the claims against Defendants Kurtz, Sheers, Shollenberger, Conway, McAndrew, Shields, and Rhoads in their official capacities.

### 3. Qualified Immunity for Warden Kurtz and Other Defendants

■ Defendants seek dismissal on the grounds of qualified immunity for Warden Kurtz, and in a footnote, for the other individual defendants as well. As Defendants point out, "the right to be free of discrimination based upon sex in the workplace[ ] was well grounded in law and widely known to the public by 1986." *Andrews v. City of Phila.,* 895 F.2d 1469, 1479 (3d Cir.1990). *See* Defs.' Mem. at 9–10. Because the Court is not satisfied that Defendants have shown that the "offending" conduct did not violate clearly established constitutional rights which a reasonable person would have known, at this time, the Court rejects the qualified immunity defense.

### 4. Statute of Limitations

■ Some of the alleged incidents arose more than two years prior to the date the suit was filed. The appropriate limitations period for section 1983 claims is Pennsylvania's two year statute of limitations for personal injury actions, 42 Pa. Cons. Stat.Ann. § 5524(2) (Supp.1994). *Bougher v. University of Pittsburgh,* 882 F.2d 74, 78 (3d Cir. 1989).

■ Defendants argue that because the suit was filed on September 14, 1994, the allegations set forth in paragraph 18(f) of the complaint and any alleged complaints made to the warden or any other County employee prior to September 14, 1992 are time barred and should be dismissed. Plaintiffs oppose this argument, claiming that there was a continuing violation alleged, and that therefore, the statute of limitations began to run on the date of the last occurrence of discrimination rather than the first.

■ Where a plaintiff produces evidence of a continuing violation of his or her rights, the limitations period for bringing actions may be tolled. *See Bronze Shields, Inc. v. New Jersey Dep't of Civil Serv.,* 667 F.2d 1074, 1081 (3rd Cir.1981), *cert. denied,* 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982). To successfully use this theory, a plaintiff will have to show that (1) at least one act occurred within the filing period, and (2) the violation was more than an isolated or sporadic act. *See West v. Philadelphia Elec. Co.,* 45 F.3d 744, 754 (3d Cir.1995).

The Court determines that Plaintiffs have sufficiently alleged a continuing violation. First, all alleged incidents involved sexual harassment or the moving defendants' failure to act. Second, the harassing incidents are alleged throughout the period 1989 to 1993. Finally, the harassment did not cause a discrete event such as a lost job or a denied promotion, and thus, it did not trigger a duty for the Plaintiffs to assert their rights arising from that deprivation. *See West v. Philadelphia Elec. Co.,* 45 F.3d at 755–56.

### 5. County's Liability for Kling

■ Defendants argue that Count I seeks to hold the County liable for claims based upon Kling's conduct only. Defs.' Response at 1. Defendants argue that because Kling had no policymaking responsibility, his conduct cannot bind the County, and therefore Count I must be dismissed in that respect. Defs.' Mem. at 13. Plaintiffs counter that they do not advance this theory of liability in their complaint. Therefore, the Court will not dismiss Count I on this ground.

## C. State Claims

Finally, Defendants challenge claims X, XI, XII, XIII, and XIV based on a Pennsylvania governmental immunity statute. The Court dismisses Counts XI and XII in their entirety, Counts X, XIII, and XIV with respect to claims against Defendants in their official capacities, and Count X with respect to the claim against the County.

The Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. §§ 8541–64, immunizes political subdivisions against claims for damages on account of any injury to a person or property except for certain narrow exceptions.[1] A municipality is liable only for its own negligent acts or the negligent acts of an employee acting within the scope of his or her official duties in one of the following categories: (1) vehicle liability, (2) care, custody, or control of personal property, (3) real property, (4) trees, traffic controls, and street lights, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody, or control of animals. 42 Pa. Cons. Stat. Ann. § 8542.

### 1. State Constitutional Claims

■ In Count X, Plaintiffs allege Defendants violated the Equal Rights Amendment of the Pennsylvania Constitution, Art. I, § 28, and in Count XI, Plaintiffs allege violation of Article I, section 26 of the Pennsylvania Constitution[2] by the County. Neither of these claims are negligence claims which fall within the categories enumerated by the statute. *See Agresta v. Goode,* 797 F.Supp. 399, 409 (E.D.Pa.1992). Therefore, claims against the County in Counts X and XI are barred by the Tort Claims Act. Because it appears that judgments against Defendants in their official capacity in Count X would impose liability on the County, claims against the Defendants in their official capacities in Count X also are dismissed.

■ Because Count X alleges conduct amounting to willful misconduct, the County's immunity does not extend to Defendants sued in their individual capacities. *See* 42 Pa. Cons. Stat. Ann. § 8550; *Wade v. City of Pittsburgh,* 765 F.2d 405, 406 (3d Cir.1985). Count X against Defendants in their individual capacities is not dismissed.

### 2. Tort Claims

■ Counts XII, XIII, and XIV raise claims against Defendants Kurtz, Sheers, Shollenberger, Conway, McAndrew, Shields, and Rhoads for negligently hiring Defendant Kling, negligently supervising him, and negligently failing to terminate his employment.

None of the counts allege negligence in any of the areas enumerated in the Tort Claims Act. Because the County is immune from these claims, county employees sued in their official capacities are as well because the County would bear the cost of any recovery against them. However, as explained previously, the Tort Claims Act does not immunize from suit municipal officers engaged in willful misconduct. Counts XIII and XIV could be considered allegations of willful misconduct, because it is alleged that Defendants had actual notice of Defendant Kling's behavior. Count XII, however, fails to allege that Defendants had any reason to know that it should not hire Defendant Kling. Taking the factual allegations in the complaint as true, the Court cannot reasonably infer that the "negligent hiring of Kling" was willful misconduct. Therefore, the Court dismisses Count XII, and claims against Defendants in their official capacities in Counts XIII and XIV.

In summary, the Court dismisses Counts XI and XII in their entirety, Counts X, XIII, and XIV with respect to claims against Defendants in their official capacities, and Count X with respect to the claim against the

---

1. Section 8541 provides as follows:
   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
   42 Pa. Cons. Stat. Ann. § 8541.

2. This section states, "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26.

County. The remainder of Defendants' motion is denied.