_____

No. 95-3697
_____

Sheri Lommen,                          *
                                       *
                  Appellant,           *
                                       *  Appeal from the United States
        v.                             *  District Court for the
                                       *  District of North Dakota.
City of East Grand Forks;              *
Vernon Rasmussen,                      *
                                       *
                  Appellees.           *


_____

             Submitted:  June 14, 1996

                Filed:  October 3, 1996
_____

Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

     Sheri Lommen appeals from the decision of the United States
District Court[1] for the District of North Dakota granting summary judgment
to Vernon Rasmussen and the City of East Grand Forks, Minnesota.  The
district court applied res judicata and full faith and credit to a judgment
of a Minnesota state court that dismissed Lommen's claim on the basis of
official immunity.  Lommen argues that the district court's judgment is not
barred because: (1) the Minnesota state court judgment was not final; (2)
the state court judgment was not on the merits; (3) the state court
judgment need not be so recognized because it frustrates the law and public
policies of North Dakota; and (4) she is not foreclosed from

_____

     [1]The Honorable Rodney S. Webb, United States District Judge for
the District of North Dakota.

litigating under North Dakota law the issues that were not litigated in the Minnesota case. In addition, Lommen asserts further arguments based on choice of law issues. Finally, Lommen argues that the court denied equal protection to her by treating other plaintiffs in the same collision differently. We affirm.

Lommen was a passenger in the rear seat of a 1983 Camaro that was stopped at an intersection in Grand Forks, North Dakota. As the Camaro started forward when the stoplight changed, a pickup truck sped through the intersection. A patrol car, driven by Officer Rasmussen of the East Grand Forks, Minnesota Police Department, was pursuing the pickup truck. The patrol car struck the rear quarter of the Camaro, and Lommen suffered injuries when she was thrown through the rear window of the Camaro.

Lommen brought an action in a Minnesota state trial court against Rasmussen and the City of East Grand Forks alleging Rasmussen's negligence. On motion for summary judgment, the state trial court held that official immunity applied, thus shielding Rasmussen and the City from liability. It further observed the existence of discretionary function immunity under the law of North Dakota, but found it unnecessary to resolve the application of this law because Minnesota law should be applied. Lommen appealed, and the Court of Appeals of Minnesota affirmed in a 2-1 decision, applying essentially the same analysis employed by the trial court. Lommen then filed a petition for review to the Supreme Court of Minnesota. The court granted the petition, but some months thereafter determined that the order was improvidently granted and dismissed the appeal.

Five days after the Minnesota Court of Appeals decision, Lommen filed a complaint in the United States District Court for the District of North Dakota asserting essentially the same claims against Rasmussen and the City of East Grand Forks. After the decision of the Minnesota Supreme Court that dismissed Lommen's

appeal, the district court granted summary judgment on the basis that the doctrines of res judicata and full faith and credit required that the judgment of the Minnesota state courts be given preclusive effect.

We review the district court's grant of summary judgment de novo. Conner v. Reckitt & Colman, Inc., 84 F.3d 1100, 1102 (8th Cir. 1996). Summary judgment is appropriate if there are no disputed issues of material fact thereby entitling both the City of East Grand Forks and Rasmussen to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The Full Faith and Credit Statute, 28 U.S.C. § 1738 (1994), requires that federal courts give state court judgments the same preclusive effect that such a judgment would be given in the courts of the state rendering the judgment. Allen v. McCurry, 449 U.S. 90, 96 (1980); Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982); Tolefree v. City of Kansas City, 980 F.2d 1171, 1173-74 (8th Cir. 1992), cert. denied, 510 U.S. 905 (1993). Section 1738 does not permit federal courts to apply their own rules to determine the effect of state court judgments, but instead mandates that a federal court implement the preclusion rules of the state from which the judgment originated. Kremer, 456 U.S. at 482; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). We therefore look to Minnesota law to determine the preclusive effect of the judgment of the Minnesota state courts.

Under Minnesota law, "[t]he doctrine of res judicata exists in order to relieve parties of the burden of relitigating issues already determined in a prior action, that a party may not be `twice vexed for the same cause.'" Beutz v. A.O. Smith Harvestore Prods., Inc., 431 N.W.2d 528, 531 (Minn. 1988) (quoting Shimp v. Sederstrom, 233 N.W.2d 292, 294 (Minn. 1975)). Application of the doctrine of res judicata "constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between

parties and privities, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein." Demers v. City of Minneapolis, 486 N.W.2d 828, 830 (Minn. Ct. App. 1992) (quoting Beutz, 431 N.W.2d at 531). The doctrine of res judicata applies when three requirements have been met: (1) there is a final judgment on the merits; (2) the second suit consists of the same cause of action; and (3) the parties involved in both suits are the same parties or parties in privity. Id. at 830.

Lommen's first suit, filed in a Minnesota state trial court, was brought against Rasmussen and the City of East Grand Forks alleging Rasmussen's negligence. Lommen's second suit, filed in a federal district court in North Dakota, asserted essentially the same claims against Rasmussen and the City of East Grand Forks as Lommen had asserted in the Minnesota state court. Thus, elements two and three of the above test are easily satisfied.

Lommen argues, however, that there was no final judgment on the merits, because the state court judgment dismissed the action on a governmental immunity defense. Lommen bases her argument on Wade v. City of Pittsburgh, 765 F.2d 405 (3d. Cir. 1985). In Wade, a plaintiff first sued the City of Pittsburgh for negligence in state court. The plaintiff's claims were based solely on negligence and did not refer to the Civil Rights Acts. Id. at 407. The state court applied Pennsylvania law that provided for immunity for municipalities and granted summary judgment to Pittsburgh. Id. Plaintiff then filed a suit in federal court against the police officers, as well as the city, for alleged violations of the federal Civil Rights Acts. Id. In Wade, the Third Circuit was required to apply the Pennsylvania law of res judicata. Id. After a careful analysis of the law of Pennsylvania, the court concluded that if a judgment is entered prior to the development of the merits and is based on a collateral defense applicable only to the first suit, res judicata would not apply. Id. at 410. The Third

Circuit held, therefore, that the plaintiff's claims based on federal law were not barred by the doctrine of res judicata because the judgment of the state court was not based on a factual development of the occurrence, but on a statutory immunity--a defense having no application to the wrongdoing of the city or the injury sustained by the plaintiff. Id. at 410.

Lommen argues that as in Wade, the state court dismissal of her case was not based on a factual development of the automobile accident at issue, but on statutory immunity grounds. According to Lommen, because the defense at issue in the first suit was collateral, the judgment was not on the merits. We reject this argument. In this case the Pennsylvania law of res judicata is not controlling, but rather the Minnesota law of res judicata. Under the Minnesota Rules of Civil Procedure, a judgment based upon an order for dismissal constitutes a final adjudication on the merits. Specifically, Rule 41.02(c) states:

> Unless the court specifies otherwise in its order, a dismissal pursuant to this rule and any dismissal not provided for in this rule or in Rule 41.01, other than a dismissal for lack of jurisdiction, for forum non conveniens, or for failure to join a party indispensable pursuant to Rule 19, operates as an adjudication upon the merits.

Minn. R. Civ. P. 41.02(c). In this case, the Minnesota state court's judgment explicitly stated that Lommen's action was "dismissed with prejudice and on its merits." In addition, a Minnesota appellate court previously has recognized that a final adjudication on the merits existed where summary judgment had been granted in a prior suit against the plaintiffs because the defendants were entitled to quasi-judicial immunity. Myers v. Price, 463 N.W.2d 773, 776-77 (Minn. Ct. App. 1990). Whether the judgment was based on rejection of Lommen's claim, or acceptance of an affirmative defense, is irrelevant.

Lommen's additional arguments are without merit and do not warrant further discussion.

We affirm the district court's grant of summary judgment in favor of Rasmussen and the City of East Grand Forks.

A true copy.

Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.