**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1501
_____

EDGAR RIVEROS-SANCHEZ;
MARIA RIVEROS-SANCHEZ, Individually and
as husband and wife,
                              Appellants

v.

CITY OF EASTON;
JOHN BAST, Individually and in his official
capacity as Fire Chief for the City of Easton;
JOHN H. PRICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-19-cv-00545)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2021

Before: AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 14, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Edgar Riveros-Sanchez and his wife Maria Riveros-Sanchez ("Plaintiffs" or "Appellants") appeal from an order of the United States District Court for the Eastern District of Pennsylvania, dismissing their civil rights complaint. We will affirm the District Court's judgment.

I.

Plaintiffs filed a counseled complaint in the Northampton County Court of Common Pleas, alleging that the City of Easton and some of its employees[1] violated their federal civil rights and state laws when enforcing safety regulations at the residential three-unit rental property they owned. Defendants removed the case to federal court and Plaintiffs' attorney was allowed to withdraw his representation. The District Court granted Defendants' motion to dismiss but allowed Plaintiffs to file an amended complaint.[2] Dkt. ##15, 16.

Plaintiffs' pro se amended complaint alleged violation of their substantive and procedural due process rights, a negligence claim, and a claim of tortious interference with contract. The complaint named the City of Easton, Fire Chief John Bast, and Fire Marshal John Price as Defendants (rental inspector Gehman was dropped from the suit). Mr. Riveros-Sanchez claimed that he knew he needed to install a fire alarm system in his

---

[1] The complaint named the City of Easton, Elizabeth Gehman (rental housing inspector for the city), and Fire Chief John Bast as defendants.

[2] The District Court dismissed some claims with prejudice, but Plaintiffs still included all of the original claims in their amended complaint.

2

rental building, but that he had reached an oral agreement with the former Fire Marshal on August 25, 2014, allowing him to wait eleven months (at which time he would be discharged from bankruptcy). He negotiated with an alarm company (Tyco) to get a price he could afford, and he gave Tyco a down-payment within a month of his Chapter 13 bankruptcy discharge in July 2015.

Perhaps unaware of Riveros-Sanchez's agreement with the former Fire Marshal, someone from the City posted a sign on the property on July 28, 2015, stating "CLOSED USE FORBIDDEN," informing residents that they must vacate the property within seven days. Plaintiffs alleged that they had no advance notice of the posting and that the City failed to contact their registered Property Manager. The new Fire Marshal, John Price, sent an undated letter alleging that Riveros-Sanchez had "ignored" the fire alarm requirement, but Riveros-Sanchez alleges that he was constantly in communication with the city code inspector about his negotiations with Tyco. The "tenants [were] forced to vacate by City officials," Amd. Cmpl, Dkt. #17 at 3,[3] and even though Riveros-Sanchez installed the fire alarm system in December 2015 and the building passed inspection, the City for some reason did not issue a certificate of rental suitability or remove the yellow sign at the property.[4] The property eventually ended up in foreclosure.

---

[3] The record is silent about whether the tenants left when they saw the sign or whether they were physically evicted by the City.

[4] The alleged failure to remove the posting in December 2015 was the focus of Plaintiffs' counseled complaint, but Plaintiffs' pro se amended complaint focused on the July 2015 "posting."

Defendants again moved to dismiss. They argued that Plaintiffs' claims against Bast and Price were time-barred, that Plaintiffs' due process claims should be dismissed for failing to state a claim, that Defendants were immune from tort liability, and that Plaintiffs' claims against the City failed because they did not allege that the City's actions were due to a policy or practice.

The District Court granted Defendants' motion to dismiss. The Court determined that, as to Plaintiffs' negligence and tortious interference claims, Defendants were immune from liability. Dist. Ct. Op., Dkt. #22 at 9-12. The Court held that Plaintiffs' substantive due process claims should be dismissed because they failed to allege any conduct by the Defendants that "shock[ed] the conscience." Id. at 14-15. And the Court decided that Plaintiffs' procedural due process claim failed because they failed to allege that they "attempted to use available procedures to seek relief from the City's conduct." Id. at 17. Plaintiffs timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review of orders granting motions to dismiss. See Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020). We may affirm on any ground supported by the record. Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

The District Court properly relied on the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. §§ 8541, et seq. ("the PSTCA") to dismiss Plaintiffs'

4

negligence and tortious interference claims against the City of Easton.[5] The District

Court also properly dismissed those claims against Chief Bast and Marshal Price. The

amended complaint did not mention Chief Bast except in the caption, and it did not make

any allegations against Marshal Price that plausibly suggest that his acts involved a

"crime, actual fraud, actual malice, or willful misconduct," such that he would lose

immunity from liability. See PSTCA, 42 Pa. Cons. Stat. Ann. §§ 8545, 8550; Bright v.

Westmoreland Cty., 443 F.3d 276, 287 (3d Cir. 2006).

The District Court examined the federal due process claims on the merits.[6] It

properly applied the principle that "the substantive component of the Due Process Clause

can only be violated by governmental employees when their conduct amounts to

an abuse of official power that 'shocks the conscience.'" See Fagan v. City of Vineland,

22 F.3d 1296, 1303 (3d Cir. 1994). We agree that the amended complaint does not

plausibly allege more than negligence.

The procedural due process claims present a closer question. "The Fourteenth

Amendment prohibits a state from 'depriv[ing] any person of life, liberty, or property,

without due process of law....' U.S. Const. amend. XIV, § 1." Elsmere Park Club, L.P. v.

---

[5] Section 8541 provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. Ann. § 8541. As the District Court noted, none of the statutory exceptions to immunity appear to apply here.

[6] See Wade v. City of Pittsburgh, 765 F.2d 405, 407 (3d Cir. 1985) (noting that Pennsylvania's "governmental immunity statute, although effective against a state tort claim, has no force when applied to suits under the Civil Rights Acts").

5

Town of Elsmere, 542 F.3d 412, 417 (3d Cir. 2008). Due process requires "the opportunity to be heard," and typically, "the hearing should come before the Government deprives a person of his property." Id. But when the State must act quickly, "the Government is relieved of the usual obligation to provide a predeprivation hearing." Id. (internal citation and quotation omitted). The District Court here did not consider "whether the Town was faced with circumstances in which it was required to provide a predeprivation hearing." Id. And if a predeprivation hearing was required, "then no amount of postdeprivation process could cure the Town's initial failure to provide a hearing." Id.

Appellants argue here that they did not receive any notice of the "CLOSED USE FORBIDDEN" posting until after the seven days provided for the tenants to vacate had expired. Appellees argue that the posting and the undated letter sent by Price constituted sufficient notice. Appellees also argue that predeprivation notice was not required, since Price "believed that the fire code violation constituted an emergency situation." Appellees' Br. at 22. But it is not clear from the record whether the failure to install a compliant fire system "posed a substantial and immediate threat to the health and welfare of the tenants residing at the property," id., as Appellees argue. The record does not contain any attestation by Price that he believed the situation was emergent. And Appellants argue that, just two months before the city posted the sign on their property, "an inspector indicated to [Riveros-Sanchez] that the sixteen (16) smoke detectors and four (4) fire extinguishers installed in the property passed inspection." Appellants' Br. at 3.

In other circumstances, these unresolved issues of law and fact would likely require us to remand the case to the District Court. But we agree with Appellees that the due process claims were properly dismissed for other reasons: (1) the claims against Price and Bast were time-barred, and (2) the complaint failed to allege that any wrongdoing by the City resulted from a city policy.

"The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. Ann. § 5524(2)). The amended complaint focuses on actions that took place in July 2015 and also seeks reimbursement for the "six months" that the apartment was empty after the tenants were forced to vacate. Amd. Compl., Dkt. #17 at 3. Thus, the latest date referenced in the complaint would be in January 2016. Price was first named as a Defendant in the amended complaint, which was filed in August 2019, over three years after the dates mentioned in the complaint. And Plaintiffs' amended complaint does not mention Bast, except in the caption. Even if one inferred that Bast was involved in the actions described in the amended complaint, Plaintiffs did not name Bast as a Defendant until August 6, 2018, which is similarly outside the two-year period of limitations. For Plaintiffs' allegations against Bast and Price to come within the limitations period, they would need to demonstrate that it related back to date of the original complaint. See Fed. R. Civ. P. 15(c).[7]

---

[7] Rule 15(c) provides:

**(c) Relation Back of Amendments.**
    **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back

The amended complaint cannot "relate back" under Rule 15(c)(1)(A) and (B) because, under Pennsylvania law, "[a] plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired." Phillips v. Lock, 86 A.3d 906, 915 (Pa. Super. Ct. 2014) (quoting Kincy v. Petro, 2 A.3d 490, 497 (Pa. 2010)). Nor does the amended complaint "relate back" under Rule 15(c)(1)(C), as the record lacks any facts suggesting that Bast or Price had actual or imputed notice of Plaintiffs' lawsuit during the limitations period. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 194 (3d Cir. 2001) (explaining that notice may be imputed if the party to be added shares an attorney with the named party or the two share an identity of interest). Under the "shared attorney" method of imputing notice to a new defendant, "the applicable test is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." Garvin v. City of

---

to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

8

<u>Philadelphia</u>, 354 F.3d 215, 223 (3d Cir. 2003) (internal quotations omitted). Here, Plaintiffs have not pointed to any facts suggesting that Bast and Price were represented by the same attorney before the limitations period expired. Nor can they be considered to have had notice solely because of their employment with the City. <u>See</u> <u>Singletary</u>, 266 F.3d at 199 (finding that a prison psychologist did not share an identity of interest with the prison because he was a staff-level employee). We thus conclude that the due process claims against Bast and Price are time-barred.

As for the claims against the City, section 1983 liability attaches to a municipality only where the "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). Plaintiffs did not point to any facts suggesting that the City had a policy nor custom of failing to advise property owners of code violations, or that it had any other policy or custom that cause them harm.

Because the claims against Bast and Price are time-barred, and because the claims against the City fail to meet the requirements of <u>Monell</u>, the amended complaint was properly dismissed.[8]

For these reasons, we will affirm the District Court's judgment.

---

[8] Appellants ask that we direct the District Court to allow them another chance to amend their complaint. But granting leave to amend would be futile. They cannot cure the statute-of-limitations issue, and despite being aware of <u>Monell</u>'s requirements, <u>see</u> Response, Dkt. #21 at 2, they failed to allege that any harm they experienced was caused by a policy or custom of the City.