**Carmie JOSEPH, Plaintiff–Appellant,**

v.

**Beverly COHEN, Defendant,**

**Paul Israelson, Israelson & Gold, Nationwide Insurance Co., Defendants–Appellees.**

No. 02–7885.

United States Court of Appeals, Second Circuit.

June 16, 2003.

Carmie Joseph, Brooklyn, N.Y., for Appellant, pro se.

Mark Anesh, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, N.Y., for Defendants–Appellees Paul Israelson and Israelson & Gold.

Paul J. Israelson, Israelson & Gold, Plainview, N.Y., for Defendant–Appellee Nationwide Insurance Co.

PRESENT: SACK, SOTOMAYOR, Circuit Judges, and BRIEANT, District Judge.[1]

---

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 16th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

In September 2001, plaintiff-appellant Carmie Joseph filed a complaint in the district court against her homeowner's insurer, Nationwide Insurance Company ("Nationwide"), Nationwide's counsel Paul Israelson, Esq., and Israelson & Gold (the "Firm"), and the Honorable Beverly Cohen, Justice of the New York State Supreme Court, who had initially presided over a state-court action initiated by Joseph against Nationwide in March 1998.

Joseph's state-court complaint sought damages for Nationwide's failure to replace—rather than. repair—the boiler in her home after a fire. Her state-court claims, other than one for breach of contract, were dismissed. *Joseph v. Nationwide Ins. Co.,* No. 104282/98 (N.Y.Sup.Ct. Oct. 1, 1999). Joseph's federal complaint, construed liberally, alleges that (1) because Nationwide failed to pay for a new boiler after the fire, Joseph suffered several consequences, including eviction from her home; (2) Justice Cohen made several erroneous rulings in the state-court action that prevented Joseph from presenting her action against Nationwide in that court; and (3) Nationwide's counsel in state court, Israelson and the Firm, conspired with the other defendants to deprive Joseph of her rights in connection with their failure to return promptly documents she received in response to a subpoena.

In April 2002, the magistrate judge (Frank Maas, *Magistrate Judge* ) issued a report and recommendation advising the district court to grant the defendants' motion to dismiss Joseph's complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The report concluded that Joseph's claims were barred by the *Rooker-Feldman* doctrine, set forth in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), which prohibits federal courts from considering claims that are "inextricably intertwined" with prior state-court determinations.

Moreover, the report found that, to the extent that the complaint asserted a breach of contract claim against Nationwide, it must be dismissed because Joseph had failed to allege facts establishing diversity jurisdiction and could not do so because both Joseph and the defendants reside in New York. The report also found that, although Justice Cohen was not properly served, the claims against her were barred by absolute immunity and the Eleventh Amendment. Finally, the report found that Joseph's complaint failed to state a claim for a deprivation of her due process rights by Israelson and the Firm because Joseph failed to allege any facts that would bring the case within the ambit

of the federal civil-rights statutes. Accordingly, the report recommended that the district court dismiss Joseph's complaint. The district court adopted the magistrate judge's report and recommendation in its entirety.

On appeal, Joseph states generally that "corruption veiled this case" and that defendants interfered with the prosecution of her state-court action, "robbed" key documents, and should have paid more damages for the boiler fire. Joseph argues that, because her federal action included additional defendants and asserted other alleged improper actions by defendants, it is distinct from her state-court action.

On an appeal from a dismissal for lack of subject-matter jurisdiction, this Court reviews the district court's factual findings for clear error and its legal conclusions *de novo*. *See Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir.2002). This Court also reviews *de novo* a district court's dismissal of claims pursuant to Fed.R.Civ.P. 12(b)(6). *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998). The district court correctly concluded that it was barred by the *Rooker-Feldman* doctrine from considering Joseph's claims. A review of the complaint would necessitate an inquiry into the propriety of the state court's resolution of her insurance-coverage dispute. Such inquiry

is barred under the *Rooker-Feldman* doctrine. *See Rooker*, 263 U.S. at 416, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. Because the complaint stemmed from Joseph's dissatisfaction with the outcome of her state lawsuit, she may obtain federal review only by appealing through the state courts and then petitioning for a writ of certiorari to the Supreme Court. *See Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996). Moreover, for the reasons stated in the Magistrate Judge's report and recommendation discussed above, even if the complaint raised federal causes of action for discrimination and conspiracy, wholly separate from the state-court action, the claims were nevertheless properly dismissed for failure to state a claim.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Because Joseph's appeal lacks merit, her motion for appointment of counsel is DENIED.