13-1475
Russo v. GMAC Mortgage, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges,*
> JOHN G. KOELTL,[*]
> *District Judge.*

_____

Paul Russo,

          *Plaintiff-Appellant,*

      v.                                 13-1475

GMAC Mortgage, LLC, *et al.,*

          *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**     Paul Russo, *pro se*, Guilford, Connecticut

---

[*]Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:** Marissa Delinks, Hinshaw & Culbertson LLP, Boston, Massachusetts
Gerald A. Gordon, Hunt Leibert Jacobson, P.C., Hartford, Connecticut

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Paul Russo, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment dismissing a complaint for lack of subject matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). A complaint must be dismissed "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). We can also affirm the district court's dismissal "on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Riverwoods Chappaqua Corp. v. Marine*

2

*Midland Bank, N.A.*, 30 F.3d 339, 343 (2d Cir. 1994) (internal citation omitted). While we disfavor dismissing a complaint without giving a *pro se* litigant an opportunity to amend, leave to amend is not necessary when it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

United States District Courts lack subject matter jurisdiction under the *Rooker-Feldman* doctrine over claims that effectively challenge state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (holding that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (recognizing that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"). This jurisdictional prohibition covers challenges to "cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Specifically, the *Rooker-Feldman* doctrine acts as a jurisdictional bar to cases: 1) "brought by state-court losers," 2) "complaining of injuries caused by state-court judgments," 3) that were "rendered before the district court proceedings commenced," and 4) "inviting district court review and rejection of those state court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, the district court properly held that many of Russo's claims against the defendants were barred by the *Rooker-Feldman* doctrine because: (1) Russo lost in state court; (2) his injuries stemmed directly from the state court's foreclosure judgment; (3) Russo filed his action in the district court after the state court judgment had been rendered; and (4) by seeking a court order prohibiting Appellee GMAC Mortgage, LLC from taking possession of, or foreclosing on, his property, Russo's requested relief required the district court to review and reject the state court's foreclosure judgment. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005). It does not matter that the plaintiff added parties to the federal action who were not parties to the state action. The *Rooker-Feldman* doctrine bars "cases . . . *brought by state-court losers* complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284 (emphasis added); *see also Joseph v. Cohen*, 66 Fed. App'x 278, 280 (summary order) (applying the *Rooker-Feldman* doctrine and rejecting the appellant's argument that her federal action was distinct form her state-court action because the federal action "included additional defendants and asserted other alleged improper actions by defendants").

To the extent that any of Russo's claims do not fall under *Rooker-Feldman's* jurisdictional bar, the claims are barred by claim preclusion. A "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (internal citation omitted). Under Connecticut law, claim preclusion provides that "[a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties . . . upon the same claim or demand." *Gaynor v. Payne*, 261 Conn. 585, 595-96 (2002) (internal citation omitted). Connecticut courts have adopted "a transactional test as a guide to determining whether an action involves the same claim as an earlier action." *Cadle Co. v. Gabel*, 69 Conn. App. 279, 296 (2002). Claim preclusion prevents not only claims that "were actually made" but also those that arise out of the same transaction and "might have been made" in the original proceeding. *LaSalla v. Doctor's Associates, Inc.*, 278 Conn. 578, 590 (2006). The claims that Russo raises here both arise from the same transaction that was litigated in the foreclosure proceeding and could have been raised in that proceeding. Thus, they are barred by the doctrine of claim preclusion.

Finally, the district court did not err in denying Russo leave to amend because amendment would have been futile in light of the *Rooker-Feldman* doctrine and claim preclusion.

We have considered Russo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
