15-756-cv
Gonzalez v. Deutsche Bank National Trust Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT:   REENA RAGGI,
                      DENNY CHIN,
                      CHRISTOPHER F. DRONEY,
                                    *Circuit Judges.*

-----------------------------------------------------------

SONIA GONZALEZ, LUIS GONZALEZ,
                      *Plaintiffs-Appellants*,[1]

v.                                                                         15-756-cv

DEUTSCHE BANK NATIONAL TRUST COMPANY,
                      *Defendant-Appellee*,

OCWEN LOAN SERVICING, LLC, SAND CANYON CORPORATION, DALE M. SUGIMOTO, FABIOLA N. CAMPERI, MATTHEW A. ENGEL, WILLIAM S. SMITH, LEOPOLD and ASSOCIATES, OPTION ONE MORTGAGE CORPORATION, AMERICAN

---

[1] Although the notice of appeal was signed only by Sonia Gonzalez, who is consequently listed on the docket as the sole appellant, Luis Gonzalez is also deemed an appellant pursuant to Fed. R. App. P. 3(c)(2), which states that a pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse, unless the notice clearly indicates otherwise. The Clerk of Court is directed to amend the case caption accordingly.

HOME MORTGAGE SERVICING, INCORPORATED, SOUNDVIEW HOME LOAN TRUST 2005-OPT3, HUNT LEIBERT JACOBSON, P.C., BENJAMIN T. STASKIEWICZ, S. BRUCE FAIR, Esq., JON DOE, JAN DOE, HINSHAW & CULBERTSON, LLP, VALERIE N. DOBLE,
                    *Defendants*.

--------------------------------------------------------

FOR APPELLANTS:           Sonia Gonzalez, *pro se*, East Windsor, Connecticut.

FOR APPELLEE:             Marissa Delinks, Hinshaw & Culbertson LLP, Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, *Judge*).[2]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment deemed to have been entered on October 5, 2015, is AFFIRMED.[3]

Plaintiffs Luis and Sonia Gonzalez appeal pro se from the dismissal of their complaint charging Deutsche Bank National Trust Company ("Deutsche Bank") and others with violating the United States Constitution and the United Nations Declaration on

---

2 The Honorable Charles S. Haight, Jr., Southern District of New York, sitting by designation.

3 Because no separate judgment was entered in this matter as required by Fed. R. Civ. P. 58(a), a judgment is deemed to have been entered 150 days after the district court's May 6, 2015 ruling on plaintiffs' "motion to reargue and request for judge to reconsider/articulate," which the district court construed as a motion for reconsideration. See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii). However, because that calculation ends on Saturday, October 3, 2015, we deem the judgment entered on Monday, October 5, 2015. See Fed. R. Civ. P. 6(a)(1)(C).

the Rights of Indigenous Peoples, as well as bank fraud, in foreclosing on their Windsor, Connecticut home. The district court sua sponte concluded that it lacked subject-matter jurisdiction. See Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510−18 (D. Conn. 2015). We review de novo a dismissal for lack of subject-matter jurisdiction, see Liranzo v. United States, 690 F.3d 78, 84 (2d Cir. 2012), and can affirm "on any basis supported by the record," Scott v. Fischer, 616 F.3d 100, 105 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only to explain our decision to affirm dismissal because plaintiffs' claims are barred by the Rooker-Feldman doctrine and claim preclusion.

The Rooker-Feldman doctrine precludes a federal-court plaintiff who complains of injuries caused by an adverse state-court judgment from seeking federal review and rejection of the state judgment. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); accord Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009). Thus, insofar as plaintiffs here (1) contend that Deutsche Bank (a) lacked standing to pursue their home's foreclosure in state court, see Am. Compl. ¶¶ (a)(2), 7, 13, 17−18, 36, or (b) fraudulently obtained title to the home, see id. ¶¶ 2, 5, 7, 13, 25; or (2) seek to recover for injuries caused by the state judgment, their claims are barred because the validity of the foreclosure was already fully adjudicated in the state-court proceeding. See Deutsche Bank Nat'l Tr. Co. v. Gonzalez, No.

3

HHD-CV10-6011071-S (Conn. Super. Ct. 2010); see also Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (recognizing that Rooker-Feldman bars fraud claims asking "federal court to determine whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the court, lacked standing to foreclose," which "would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error"); Russo v. GMAC Mortg., LLC, 549 F. App'x 8, 9−10 (2d Cir. 2013) (summary order) (applying Rooker-Feldman bar to claims for injuries caused by state-court foreclosure judgment). Accordingly, the district court correctly dismissed all of plaintiffs' claims seeking reconsideration of the foreclosure judgment.

To the extent plaintiffs' complaint can be liberally construed to allege injury stemming from the same transaction but not directly caused by the foreclosure judgment, their claims are not barred by Rooker-Feldman. Nevertheless, we affirm dismissal on the ground of claim preclusion. See O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009) (stating that, under Connecticut law, "[c]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made" (internal quotation marks omitted)). Plaintiffs had a full and fair opportunity to litigate these claims in Gonzalez v. Option One Mortgage Corporation, No. HHD-CV11-5035882-S (Conn. Super. Ct. 2011), and, thus, to the extent the claims were not barred by Rooker-Feldman, they were nevertheless correctly dismissed as precluded.

4

These rulings make it unnecessary for us to decide whether dismissal was also warranted for failure to state a claim, failure to serve defendants, or failure to timely prosecute the action.

We have considered all of plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court and DENY plaintiffs' motion for reversal.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court