07-1758-cv
O'Connor v. Pierson

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: March 9, 2009                    Decided: June 3, 2009)

Docket No. 07-1758-cv

--------------------------------------

THOMAS O'CONNOR,

Plaintiff-Appellant,

- v -

LYNNE B. PIERSON, ELLEN C. HEALY, CHRISTOPHER A. DUMAS, PATRICIA M. STRONG, CHRISTINE T. FORTUNATO, DONNA H. HEMMANN, STACEY HODGES, JOHN F. MORRIS, FREDERICK E. PETRELLI JR., PENNY H. STANZIALE, and WETHERSFIELD BOARD OF EDUCATION,

Defendants-Appellees.

--------------------------------------

Before:   WINTER and SACK, Circuit Judges, and COGAN, District Judge.[*]

Appeal from an order of the United States District Court for the District of Connecticut (Robert N. Chatigny, Chief Judge) granting the defendants' motion for summary judgment. We agree with the district court that the plaintiff's claims, which are based on an alleged denial of his right to substantive due process, are barred under the doctrine of res judicata inasmuch as they were or could have been brought in the parallel suit

---

[*] The Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

based on the same facts that were litigated to a final judgment in Connecticut state court.

Affirmed.

LEON M. ROSENBLATT, Law Offices of Leon Rosenblatt, West Hartford, CT, _for Appellant_.

MICHAEL J. ROSE, Rose Kallor, LLP (Johanna G. Zelman, Melinda A. Powell, _of counsel_), Hartford, CT, _for Appellees_.

Sack, _Circuit Judge_:

Plaintiff-appellant Thomas O'Connor pursued parallel lawsuits against the defendants in federal and state court.

What became the federal lawsuit was first filed in the Superior Court for the State of Connecticut. Based on O'Connor's assertion of, _inter alia_, causes of action under federal law, the action was removed by the defendants to the United States District Court for the District of Connecticut. When the case stalled, the plaintiff filed a second complaint in Superior Court in which he limited himself to the assertion of state law claims only. This lawsuit went to trial. A state-court jury found in O'Connor's favor on one of his claims, but against him on the others. Both sides appealed.

Shortly after the state trial court judgment was entered, the district court in the pending parallel federal action (Robert N. Chatigny, _Chief Judge_) entered judgment for the defendants on all of O'Connor's federal claims, and remanded the pendent state claims to state court. The district court did not

2

reach an issue raised by the defendants: whether the state court judgment had a res judicata (or "claim preclusion") effect on the claims pending in the federal action. That district court judgment was appealed to this Court.

While the federal appeal was pending here, the Connecticut Appellate Court reversed the judgment based on the state-court jury verdict with respect to the one claim on which O'Connor had been successful -- invasion of privacy –- and affirmed the remaining claims on which the defendants had prevailed. The Connecticut Supreme Court denied O'Connor's petition for certification for appeal. All of O'Connor's claims in the state-court lawsuit were therefore unsuccessful.

Shortly after the Connecticut Supreme Court ruled, we vacated the district court's decision in the federal case in part, and remanded for further consideration of O'Connor's substantive due process claims. We declined to reach the defendants' res judicata argument, concluding that it had not been sufficiently presented to the district court. O'Connor v. Pierson, 426 F.3d 187, 194-95 (2d Cir. 2005).

Following our remand, the district court granted the defendants' motion for summary judgment on O'Connor's substantive due process claims on the ground that in light of the state court decision, they were barred by the doctrine of res judicata. O'Connor v. Pierson, 482 F. Supp. 2d 228 (D. Conn. 2007).

The plaintiff appeals. We affirm.

3

## **BACKGROUND**

On January 26, 2000, O'Connor brought this action in Connecticut Superior Court, Judicial District of Hartford, against the Wethersfield Board of Education, members of the Board in their official capacities, and Lynne B. Pierson, the Superintendent of Schools, in both her individual and official capacity. O'Connor v. Pierson, No. CV-595721-S (Conn. Super. Ct. January 26, 2000). O'Connor, a public-school teacher, alleged that the defendants had acted unlawfully by conditioning his return to work following administrative leave on his agreement to undergo a psychiatric examination and to release all of his medical records to the defendants. He contended that these conditions violated his rights under both the United States Constitution and the Constitution of the State of Connecticut.[1] He also asserted state common-law claims for negligent and intentional infliction of emotional distress, invasion of privacy, and intentional interference with beneficial and contractual relations. The defendants removed the action to the United States District Court for the District of Connecticut on the basis of federal question jurisdiction arising out of

---

[1] These state and federal constitutional claims were later amended to clarify that they were brought under the Due Process Clause. They were ultimately construed by the district court as assertions that the defendants had violated O'Connor's rights to both procedural and substantive due process. See O'Connor, 482 F. Supp. 2d at 229. O'Connor has not challenged the district court's interpretation.

4

O'Connor's assertion of federal constitutional claims. See 28 U.S.C. § 1441.

In February 2001, Magistrate Judge Donna F. Martinez filed a Recommended Ruling in the removed case, concluding that summary judgment should be granted in favor of the defendants on the federal constitutional claims and that the court should dismiss the pendent state law claims without prejudice. See 28 U.S.C. § 1367(c)(3). The following month, the district court adopted the magistrate judge's recommendation in part, dismissing O'Connor's federal procedural due process claim but declining to dismiss his federal substantive due process claims and deferring decision on that claim pending further briefing. In light of the fact that a federal claim remained before it, the district court declined to dismiss the pendent state law claims. See O'Connor, 482 F. Supp. 2d at 229.

In June 2001, O'Connor initiated a second action in State Superior Court against the Wethersfield Board of Education. O'Connor v. Wethersfield Bd. of Educ., No. CV-01-0808376-S (Conn. Super. Ct., June 11, 2001); see also O'Connor, 482 F. Supp. 2d at 229. It was based on the same facts as the first, previously removed, action, asserting many of the same state-law causes of action along with several new ones. The second action contained no claims under federal law and was therefore not subject to removal on that basis. O'Connor, 482 F. Supp. 2d at 229.

Later that year, the Board unsuccessfully moved in state court to dismiss the pending state-court action based on

5

the pendency of this case in federal court. See O'Connor v. Wethersfield Bd. of Educ., 34 Conn. L. Rptr. 621, 621, 2003 WL 21299644, at *1, 2003 Conn. Super. LEXIS 1581, at *1 (Conn. Super. Ct. May 20, 2003) (unpublished opinion) (discussing denial of the motion to dismiss in 2001). After several of the claims in the state-court action were dismissed by the trial court in its decision on a motion for summary judgment by the defendants, Mem. of Decision on Def's Mot. for Summary Judgment, O'Connor v. Wethersfield Bd. of Educ., CV-01-0808376-S (Conn. Super. Ct., July 7, 2003), three claims remained: 1) tortious invasion of privacy, 2) intentional infliction of emotional distress, and 3) a statutory claim based on Conn. Gen. Stat. § 31- 51q, which prohibits employers from disciplining or discharging employees in retaliation for exercising their right to free speech. They were tried to a jury beginning in September 2003.

In October 2003, the state-court jury returned a verdict in favor of O'Connor on his claim for tortious invasion of privacy, awarding him $162,500 in damages, but in favor of the Board on the other two claims. See O'Connor, 482 F. Supp. 2d at 230 (describing state-court proceedings). The trial court entered a judgment based on the verdict. Both parties appealed from the judgments against them.

On July 5, 2005, the Connecticut Appellate Court decided that the judgment for O'Connor on his invasion of privacy claim was barred by the Board's governmental immunity. It therefore reversed the judgment of the Superior Court insofar as

6

it had been in O'Connor's favor. O'Connor v. Bd. of Educ., 90 Conn. App. 59, 877 A.2d 860 (2005). It affirmed the remainder of the judgment against him. Id. On September 12, 2005, the Connecticut Supreme Court denied O'Connor's petition for certification for appeal. O'Connor v. Bd. of Educ., 275 Conn. 912, 882 A.2d 675 (2005).

Soon after the state-court jury reached its verdict, the defendants in the action that remained pending in federal district court -- the one now on appeal before us -- submitted a letter to the federal district court requesting a conference regarding their intention to file a supplemental motion to dismiss based on a theory of res judicata. O'Connor, 482 F. Supp. at 230. The letter complied with a provision in a previous district court order regarding case management, which required the parties to request a conference before filing dispositive motions. O'Connor, 482 F. Supp. at 230.

On December 12, 2003, the district court held a conference as requested. In the course of the conference, the court orally granted summary judgment to the defendants on the remaining substantive due process claims. Later, in a ruling and order, the court explained its rationale for this dismissal. O'Connor v. Pierson, No. 00 Civ. 339 (D. Conn. Dec. 17, 2003). It decided, inter alia, that the Board was both justified and had a legitimate interest in requesting the medical records and therefore did not violate O'Connor's substantive due process rights. Id.; see also O'Connor, 482 F. Supp. 2d at 230. The

7

issue of whether the state court judgment precluded a federal judgment on the claims based on res judicata principles was unnecessary to the resolution of the motion, and the district court did not reach it.

On December 16, 2003, a final judgment was entered in favor of the defendants on all of the federal claims against them, and the pendent state claims were remanded to Connecticut Superior Court. On January 6, 2004, O'Connor appealed the judgment of the district court to this Court.

We affirmed the judgment with respect to O'Connor's procedural due process claim, but vacated it as to the substantive due process claims. O'Connor, 426 F.3d 187. We concluded that there was a genuine issue of material fact as to whether, in insisting that O'Connor release his medical records, the Board "acted out of spite, or to keep O'Connor from teaching by whatever means necessary," such that the Board's action would "shock the conscience." Id. at 204. Such a finding of fact could have served as a basis for a viable substantive due process cause of action. See id. at 200-04. We declined to address the issue of res judicata because it had not been preserved for appeal.[2] Id. at 194-95 ("A motion by the Board raising the

_____

[2] We do not read our prior decision to hold, as O'Connor asserts, that the defense of res judicata had forever been waived by the defendants. And as the district court observed, "even if the Second Circuit's statement about waiver is binding, res judicata can still be applied at this stage because a court has authority to invoke the doctrine of res judicata on its own initiative, even when the defense has been waived." O'Connor, 482 F. Supp. 2d at 233; see Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam) ("The failure of a defendant to

claim-preclusion defense when it became available would have preserved the issue for appeal; a letter asking for a briefing schedule, which was not followed up, did not.").

On remand, the defendants filed a motion to dismiss on the ground that the remaining substantive due process claims were barred by the doctrine of res judicata.  On March 31, 2007, the district court granted that motion, concluding that:

> there can be no doubt that plaintiff's substantive due process claims are barred by the judgment in the state court action.  To prevail on his substantive due process claims under § 1983, plaintiff must prove that the defendants' insistence on obtaining his past medical records was arbitrary and oppressive.  See O'Connor v. Pierson, 426 F.3d at 204.  The Board's insistence on obtaining these records, and its intent in doing so, were central to the invasion of privacy and intentional infliction of emotional distress claims that were tried in state court.

O'Connor, 482 F. Supp. 2d  at 232; see also id. at 235.

The district court again entered judgment against O'Connor.  Id. at 235.  O'Connor appeals.

**DISCUSSION**

I.  Standard of Review

"We review de novo the district court's application of the principles of res judicata."  EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks omitted).

II.  Res Judicata (or "Claim Preclusion")

---

raise res judicata in answer does not deprive a court of the power to dismiss a claim on that ground.").

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 ("[28 U.S.C. §] 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.").

Under Connecticut law:

> [A] former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. Claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made. The judicial doctrine of res judicata expresses no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. The doctrine of res judicata applies as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . . [T]he appropriate inquiry with respect to claim preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding . . . . [T]he scope of matters precluded in the subsequent suit necessarily depends on what has occurred in the former adjudication.

Joe's Pizza, Inc. v. Aetna Life and Cas. Co., 236 Conn. 863, 871-72, 675 A.2d 441, 446-47 (1996)(citations, internal quotation marks, emphasis, and alterations omitted). "The claim that is extinguished by the judgment in the first action includes all

10

rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Comm'r of Envtl. Prot. v. Conn. Bldg. Wrecking Co., 227 Conn. 175, 189-90, 629 A.2d 1116, 1124 (1993) (internal quotation marks and alterations omitted).

It is undisputed on appeal that the claims in the instant case and the state-court case arose out of the same transaction, or series of connected transactions, and are therefore the same for purposes of the res judicata inquiry. Cf. O'Connor, 482 F. Supp. 2d at 232 (relying on Conn. Bldg. Wrecking Co., supra, and deciding for the defendants on the "identity of claims" issue). O'Connor does dispute, however, that: (1) the judgment in the state court was rendered on the merits; (2) the parties in the state and federal actions are the same or are in privity with each other; and (3) O'Connor had an adequate opportunity to litigate his claims in the state court action. For the reasons that follow, we conclude in the affirmative as to each issue, and that the district court therefore correctly decided that O'Connor's federal lawsuit was barred by the judgment in Connecticut state court.

A. Whether the State Court Action Was Decided on the Merits

O'Connor argues that because the state-court action was ultimately decided on appeal in part on statutory immunity

11

grounds, it was not decided on the merits.  We find this argument unhelpful.[3]

The invasion of privacy claim was the only claim on which the jury ruled in O'Connor's favor.  The Appellate Court reversed, however, concluding that the trial court "improperly failed to set aside the verdict because the plaintiff's claim against the defendant for invasion of privacy was barred by governmental immunity [under Conn. Gen. Stat. § 52-557n(a)(2)]."  O'Connor v. Bd. of Educ., 90 Conn. App. at 63.  There is divided authority as to whether a judgment based on an immunity defense is a judgment on the merits for the purposes of res judicata.  Compare Lommen v. City of East Grand Forks, 97 F.3d 272, 275 (8th Cir. 1996) (finding that, under Minnesota law, a decision based on governmental immunity is considered "on the merits" for the purposes of res judicata) and Flores v. Edinburg Consol. Indep. Sch. Dist., 741 F.2d 773, 775 n.3 (5th Cir. 1984) ("summary judgment on grounds of sovereign immunity is a judgment on the merits for purposes of res judicata") with Wade v. City of Pittsburgh, 765 F.2d 405, 410 (3rd Cir. 1985) (stating, with regards to a state-court judgment based on statutory immunity, that "we predict that under Pennsylvania law, if a judgment is entered before development of the merits and is based on a

---

[3]  We note also that this argument may have been forfeited, inasmuch as it is not at all clear that it was made before the district court.  Because we find the argument unpersuasive in any event, we need not address whether it was forfeited.

12

collateral defense applicable only to the first action, claim preclusion would not apply.").

In light of the disposition of the claim for intentional infliction of emotional distress on the merits, however, we do not think it matters whether the claim for invasion of privacy was decided on the merits or not. The district court's conclusion that the substantive due process claims could not be pursued under principles of res judicata would have been valid even if it had been based on the state court's decision on the merits of the intentional infliction of emotional distress claim alone. To paraphrase the district court's opinion, for the plaintiff to succeed on his remaining claim in federal court -- whether defendants violated his right to substantive due process -- he would have had to prove that the defendants' insistence on obtaining his past medical records was arbitrary and oppressive. See O'Connor, 482 F. Supp. 2d at 232. The Board's insistence on obtaining these records, and its intent in doing so, were central to the intentional infliction of emotional distress claims that were tried in state court. Under the transactional test that the Connecticut Supreme Court has adopted to determine whether an action is barred by res judicata, the decision on the merits in the state court against O'Connor on his intentional infliction claim therefore bars his pursuit of the substantive due process claims in federal district court.[4]

---

[4] With the possible exception of the invasion of privacy claim, all of O'Connor's other claims were also indisputably

See Comm'r of Envtl. Prot., 227 Conn. at 189-90, 629 A.2d at 1124 (judgment in first action extinguishes all other claims "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.").

B. Privity

In the state action, only the Board was a defendant. In the federal action now before us, O'Connor brought suit against not only the Board, but also several Board members, all of whom are being sued only in their official capacities.[5] "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent -- at least where Eleventh Amendment considerations do not control analysis . . . ." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). We therefore agree with the district

decided on the merits by the state court. Because we hold that the intentional infliction of emotional distress decision alone was sufficient to preclude the case at bar, we need not and do not reach the issue of whether the resolution on the merits of these other claims, viewed in isolation or in combination, would be sufficient to bar the present action.

[5] Lynne B. Pierson, the Superintendent of Schools, was originally sued in both her individual and official capacities. However, O'Connor did not appeal the district court's 2001 ruling that Pierson is entitled to qualified immunity and therefore cannot be sued in her individual capacity. See O'Connor, 482 F. Supp. 2d at 231 n.3. Therefore, all the individual defendants are now being sued solely in their official capacities.

14

court that the parties in the two actions are in privity for purposes of res judicata. See O'Connor, 482 F. Supp. 2d at 231-32.

C. Adequate Opportunity to Litigate

Under Connecticut law, a party has not had an adequate opportunity to litigate a claim, and res judicata therefore does not apply, if "the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion ." Conn. Nat'l Bank v. Rytman, 241 Conn. 24, 44, 694 A.2d 1246, 1257 (1997) (quoting Restatement (Second) of Judgments, § 25 cmt.(e) (1982); internal quotation marks, emphasis and parentheses omitted). But the Connecticut courts clearly had jurisdiction to hear all the claims O'Connor brought in the federal lawsuit, including those brought under federal law. See Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 367 (1990) ("Federal law is enforceable in state courts . . . ."). O'Connor does not argue otherwise. Neither does he argue that the Connecticut courts would have declined to exercise that jurisdiction.

O'Connor contends instead that he did not have "a fair and adequate opportunity to litigate all his claims in a single lawsuit,"[6] Pl.'s Br. 20, because had he brought his federal

---

[6] O'Connor appears to cite Gladysz v. Planning and Zoning Comm'n of Town of Plainville, 256 Conn. 249, 262, 773 A.2d 300, 308 (2001), for the proposition that res judicata principles should not bar this suit if he has not had an opportunity to

15

claims in state court, the defendants would have removed the action to federal court, and, according to O'Connor, the state court claims would then have ultimately been remanded to state court.  This might all be true, but it is beside the point. O'Connor cites no authority, nor are we aware of any, for the proposition that the specter of removal or subsequent remand, which may result in a plaintiff's state law and federal law claims being heard in different courts, deprives him or her of an adequate opportunity to litigate his or her claims.  We agree with the district court that O'Connor had "a fair and adequate opportunity" to litigate his claims, even if they may eventually have been separated from one another, some heard in state and some in federal courts.

## CONCLUSION

We have considered the other arguments advanced by O'Connor and find them to be without merit.  For the foregoing reasons, the judgment of the district court is affirmed.

---

litigate all of his claims in a single lawsuit.  Pl.'s Br. 20.
But Gladysz, which addresses primarily the doctrine of collateral estoppel (or "issue preclusion"), stands for no such proposition.