11-3518-cv (L)
Faiveley Transport v. Wabtec Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
    ROSEMARY S. POOLER,
    DENNY CHIN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
FAIVELEY TRANSPORT USA, INC.,
FAIVELEY TRANSPORT NORDIC AB,
FAIVELEY TRANSPORT AMIENS S.A.S.,
ELLCON NATIONAL, INC.,
        <u>Plaintiffs-Appellees/Cross-</u>
        <u>Appellants</u>,

        -v.-                     11-3518-cv (Lead)
                                11-3629-cv (XAP)

WABTEC CORPORATION,
        <u>Defendant-Appellant/Cross-</u>
        <u>Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -

1

**FOR APPELLANT/CROSS-APPELLEE:** JAMES C. MARTIN (Colin E. Wrabley, Paige H. Forester, <u>on the brief</u>), Reed Smith LLP, Pittsburgh, PA.

**FOR APPELLEES/CROSS-APPELLANTS:** ANDREW JOHN PINCUS (A. John Peter Mancini, Mayer Brown LLP, New York, NY <u>on the brief</u>), Mayer Brown LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment awarding damages is **VACATED** and **REMANDED** to the district court for a new trial limited to the issue of damages unless Faiveley agrees to a remittitur reducing the amount of damages to $15 million ($4.5 million in past damages, and $10.5 million in future damages), plus interest. In all other respects, the judgment is **AFFIRMED**.

Wabtec Corporation appeals from the judgment of the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>), denying its motion for a judgment as a matter of law, or alternatively, a new trial. The Faiveley plaintiffs cross-appeal from the court's dismissal of their claim for punitive damages. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Wabtec argues that the Faiveley plaintiffs lack standing to bring their claims because they had no express exclusive license to the trade secrets. "We review questions of standing <u>de novo</u>." <u>Carver v. City of New York</u>, 621 F.3d 221, 225 (2d Cir. 2010). Wabtec ignores the requirements for a successful misappropriation claim, which we defined in an earlier iteration of this very case: "(1) that [Faiveley] *possessed* a trade secret, and (2) that [Wabtec] used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." <u>Faiveley Transport Malmo AB v. Wabtec Corp.</u>, 559 F.3d 110, 117 (2d Cir. 2009) (citation omitted and emphasis added). That definition is law of the case, and does not include the word "exclusive." The

Faiveley plaintiffs were the only entities in possession of the brake trade secrets in the United States.  That is enough for standing to sue.

Wabtec invokes res judicata to argue that the Tribunal foreclosed any Faiveley damages on the merits.  "We review de novo the district court's application of the principles of res judicata."  O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009).  The Tribunal expressly held that Malmo could "only claim damages suffered by itself," i.e., not on behalf of the Faiveley plaintiffs.  The Tribunal explicitly did not pass judgment on the Faiveley damages, in part because the Faiveley plaintiffs would potentially "still [have been] entitled to claim damages against [Wabtec] before another jurisdiction."  That statement can only mean that the Tribunal's disposition was not made on the merits.  The Tribunal's decision *not* to consider Faiveley damages on the merits is not res judicata to their claims here because "[i]n ordinary circumstances a second action on the same claim is not precluded by dismissal of a first action for prematurity or failure to satisfy a precondition to suit." 18A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 4437 (2d ed. 2012).

Wabtec also takes issue with the jury's award of damages.  "Where the district court has decided whether and/or to what extent the jury's verdict was excessive, its decision is reviewable only for abuse of discretion." Rangolan v. County of Nassau, 370 F.3d 239, 245 (2d Cir. 2004).  First, Wabtec argues that the Faiveley plaintiffs should not be entitled to any "future" damages.  However, considering that the Tribunal itself awarded future damages (through 2011) and also predicted that the Faiveley damages would be substantially greater than those it awarded to Malmo in the arbitration, the award of future damages here is appropriate.  The district court did not abuse its discretion in affirming the jury's future damages award of $10.5 million.

Wabtec's argument regarding damages for past conduct is more compelling.  The company contends that in calculating the amount of Wabtec's unjust enrichment, the jury did not properly deduct the $4.1 million arbitration award that Wabtec paid to Malmo (a $3.9 million royalty award with $200,000 in interest).  Faiveley's damages expert conceded on cross-examination that his calculation of $7.6 million in ill-gotten Wabtec profits excluded any consideration of that payment, demurring that the decision of whether to subtract the arbitration royalty was "a legal question."  The jury subsequently calculated Faiveley's past damages as $7.6

million in unjust enrichment, or $4.5 million in lost profits.  Thus, it appears that the jury accepted the expert's $7.6 million recommendation without any adjustment whatsoever, an oversight that is significant and quantifiable.

Remittitur is appropriate when "the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken." Trademark Research Corp. v. Maxwell Online, Inc., 995 F.2d 326, 337 (2d Cir. 1993) (citation omitted).  Since Wabtec effectively paid a $3.9 million royalty fee for its use of the brake trade secrets, this expense directly decreased the extent to which Wabtec was unjustly enriched, and should have been discounted from its profits.  Subtracting the $3.9 million amount from the $7.6 million award leaves $3.7 million.  However, the jury also alternatively calculated Faiveley's lost profits to be $4.5 million, a higher figure which was not tainted by the oversight on the arbitration payment (since the Faiveley plaintiffs' compensatory damages were expressly not addressed by the Tribunal).  The Faiveley plaintiffs should therefore be given the choice of either [i] a remittitur, decreasing their past damages award by $3.1 million to the higher compensatory amount of $4.5 million, or [ii] a new damages trial. See 11 Wright & Miller at § 2815 ("[T]he court may condition a denial of the motion for a new trial upon the filing by the plaintiff of a remittitur in a stated amount. In this way the plaintiff is given the option of either submitting to a new trial or of accepting the amount of damages that the court considers justified.").

Wabtec also asserts that the district court improperly excluded the testimony of one of its three expert witnesses, Dr. Aly Badawy, emphasizing that the district court did not sufficiently explain its decision.  The district court's decision regarding the admissibility of expert testimony "must be sustained unless manifestly erroneous." Trademark Research Corp., 995 F.2d at 338.  There was no manifest error here.  Expert testimony may be excluded if it is based upon unreliable, speculative assumptions. See, e.g., Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir. 1996).  Dr. Badawy's expert testimony included sweeping statements that were detached from the actual evidence.  While Wabtec may have understandably desired a fuller explanation, the district court did not abuse its discretion by excluding Dr. Badawy's testimony in a summary ruling.  See, e.g., United States v. Locascio, 6 F.3d 924, 939 (2d Cir. 1993) ("[W]e assume that the district court

4

consistently and continually performed a trustworthiness analysis <u>sub silentio</u> of all evidence introduced at trial. We will not, however, circumscribe this discretion by burdening the court with the necessity of making an explicit determination for all expert testimony.").

Finally, the Faiveley plaintiffs cross-claim, arguing that the district court should have permitted the jury to consider whether to award them punitive damages. "The district court's determination that punitive damages are unwarranted as a matter of law is reviewed <u>de novo</u>." <u>New Windsor Volunteer Ambulance Corps, Inc. v. Meyers</u>, 442 F.3d 101, 121 (2d Cir. 2006). The Tribunal did not characterize Wabtec's behavior in an extreme light, and expressly permitted Wabtec to "continue to use its reverse engineered drawings" after making its royalty damages payment. Under these circumstances, the district court's decision on punitive damages is appropriate.

Finding no merit in the parties' remaining arguments, we **VACATE** the judgment awarding damages and **REMAND** to the district court for a new trial limited to the issue of damages unless Faiveley agrees to a remittitur reducing the amount of damages to $15 million ($4.5 million in past damages, and $10.5 million in future damages), plus interest. In all other respects, the judgment is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK