15-1376-cv
*Steuerwald v. Cleveland, et al.*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

Present:
>PETER W. HALL,
>GERARD E. LYNCH,
>DENNY CHIN,
>>*Circuit Judges.*

_____

JOHN STEUERWALD,

>*Plaintiff-Appellant*,

v.                                                                  No.  15-1376-cv


RICHARD CLEVELAND, ET AL.,

>*Defendants-Appellees*.

_____

For Plaintiff-Appellant:                         John Steuerwald, pro se, Alburgh, Vermont.


For Defendants-Appellees:                     Nancy G. Sheahan, Kevin J. Coyle, McNeil, Leddy & Sheahan, P.C., Burlington, Vermont.

_____

1

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant John Steuerwald, proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Steuerwald challenges only the district court's conclusion that res judicata barred his claims against Officer Richard Cleveland. Because he has raised no other issues on appeal, he has waived any other challenges to the district court's order. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding that issues not raised in pro se appellate brief are considered abandoned).

We review *de novo* the district court's application of res judicata principles. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009). In Vermont, res judicata will preclude a claim from being litigated "if (1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding." *Iannarone v. Limoggio*, 190 Vt. 272, 279 (2011) (internal quotation marks omitted); *see also Carlson v. Clark*, 185 Vt. 324, 331 (2009) ("[U]nder the doctrine of claim preclusion, a final judgment in previous

2

litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical." (internal quotation omitted)).

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Steuerwald's claims against Cleveland as barred by res judicata. We affirm for substantially the reasons stated by the district court in its thorough March 31, 2015 decision. In brief, the 2013 state court judgment cited by the district court was a final judgment on the merits, Steuerwald and Cleveland were the parties in both cases, and Steuerwald either did litigate, or could have fully litigated, his claims against Cleveland in the prior state court proceeding. *See Iannarone*, 190 Vt. at 279.

On appeal, Steuerwald challenges the district court's conclusion that the 2013 state court judgment was a final judgment on the merits. He asserts that the 2013 state action was voluntarily dismissed without prejudice and, thus, there was no final judgment on the merits. Steuerwald's arguments are unpersuasive. The 2013 state court judgment did not state whether the dismissal was with or without prejudice, nor did it address Steuerwald's request, made in opposition to Cleveland's motion to dismiss for failure to state a claim, to voluntarily dismiss the action without prejudice. That judgment, nevertheless, constituted a judgment on the merits because it granted Cleveland's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Vermont Rules of Civil Procedure.

Vermont Rule 12(b)(6) mirrors Federal Rule of Civil Procedure 12(b)(6). *Compare* V.R.C.P. 12(b)(6) ("[T]he following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted."), *with* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."). The Vermont Supreme Court has held that "the dismissal of

[a] complaint under V.R.C.P. 12(b)(6) for failure to state a claim . . . operates as a final adjudication on the merits." *Judd v. State*, No. 2011-350, 2012 WL 1305003, at *2 (Vt. Mar. 15, 2012) (unpublished) (citing *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir. 1976) (recognizing that "judgments under [Federal Rule of Civil Procedure] 12(b)(6) are on the merits, with res judicata effects")).

The state court judgment's silence regarding whether the dismissal was with or without prejudice does not alter this result. The effect of a dismissal under Vermont Rule 12(b)(6) is governed by Vermont Rule 41(b)(3), which provides as follows: "Unless the court in its order for dismissal otherwise specifies, . . . any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party . . . , operates as an adjudication upon the merits." Because the state court judgment dismissed Steuerwald's action under Vermont Rule 12(b)(6) and did not specify otherwise, it is an adjudication on the merits. *See Judd*, 2012 WL 1305003, at *2 (concluding, based on Vermont Rule 41(b)(3), that dismissal of complaint pursuant to Vermont Rule 12(b)(6) was adjudication on the merits where court order did not specify otherwise).

Steuerwald's argument—that the state court's judgment was dismissed without prejudice because, in denying leave to amend, the state court determined that his malicious prosecution claim was not ripe—is also meritless. Even if his malicious prosecution claim was not ripe, Steuerwald did not assert a claim for malicious prosecution in his federal complaint. Thus, whether his malicious prosecution claim was ripe is irrelevant to the state court judgment's preclusive effect on the claims he sought to litigate in federal court.

Similarly unavailing is Steuerwald's argument that the district court should have permitted him to amend his complaint. Steuerwald had already been given an opportunity to

4

amend, and any additional amendment of his claims against Cleveland would have been futile because those claims were barred by res judicata. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (pro se plaintiff should generally be granted at least one opportunity to amend where repleading would not be futile).

We have considered all of Steuerwald's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk