Buczek v. Tirone

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT:
>   RALPH K. WINTER,
>   DENNIS JACOBS,
>   JOSÉ A. CABRANES,
>       *Circuit Judges.*

_____

Deborah Ann Buczek, Real Party Interest Rule 17a SECURED PARTY Uniform Commercial Code FILING ACKNOWLEDGMENT NY DEPT. OF STATE 201405120259837/201405290292729,

>       Plaintiff-Appellant,

>   v.                                              16-1670

Gasper A. Tirone, Co-Trustees of Gasper A. Tirone and Elaine E. Trust U/A dated February 9, 2011, Elaine E. Tirone, Co-Trustees of Gasper A. Tirone and Elaine E. Trust U/A dated February 9, 2011, Steven W. Wells, Gasper A. Tirone, Trust, dated February 9, 2011, Elaine E. Tirone, Trust, dated February 9, 2011, Garry M.

**Graber, Jason E. Markel, Michael E. Reyen, Craig T. Lutterbein, Gregory J. Gillette,**

**Defendants-Appellees,**

**American Eagle Outfitters, Inc., Scott Janas, John E. Schmidt, Jr., Timothy J. Walker, Private Capacity, William F. Savino, Gilbert Reyes, Private Capacity, Gilbert Reyes, Private Capacity, Stanley Kwieciak, III, Esq., Brian D. Gwitt, Darryl J. Colosi, John Garbo, New York State Tax Department, Mrs. Gribble, Suzanne McFayden, Sam Maneaun, Wells Fargo Bank,**

**Defendants.***

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Deborah Ann Buczek, pro se, Derby, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Kevin Miles Kearney, Hodgson Russ LLP, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Deborah Ann Buczek, pro se, appeals from the district court's judgment dismissing as res judicata her claims against defendants for allegedly obtaining a foreclosure judgment against her commercial property through fraud and violations of her constitutional rights. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's application of res judicata. *Computer Assocs. Int'l v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997). When applying the doctrine, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of*

---

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

2

*Educ.*, 465 U.S. 75, 81 (1984); *accord O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009). "New York law has adopted a 'transactional approach' to [res judicata]. '[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transaction are barred . . . .'" *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007) (quoting *Gargiul v. Tompkins*, 790 F.2d 265, 269 (2d Cir. 1986); *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)) (citations omitted).

Here, upon de novo review of the record and the above principles, we conclude that the district court properly dismissed Buczek's complaint. We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned April 25, 2016 decision and order.

We have considered all of Buczek's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3