16-3635-cv
Peterson v. Wells Fargo Tr.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand eighteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

ALYSSA S. PETERSON,

*Plaintiff-Appellant*,

v.                                                                No. 16-3635-cv

WELLS FARGO TRUSTEE, WELLS FARGO, N.A.,
JPMORGAN CHASE BANK, N.A.,

*Defendants-Appellees*.

_____

FOR APPELLANT:                    Alyssa S. Peterson, *pro se*, Hartford, Connecticut.

FOR APPELLEES:                    Laura A. Zaino, Brian D. Rich, Halloran & Sage LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Stefan R. Underhill, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 28, 2016, is AFFIRMED.

Plaintiff Alyssa Peterson, proceeding *pro se*, appeals from the dismissal of her claims for negligent misrepresentation, fraud by non-disclosure, wrongful foreclosure, and breach of good faith and fair dealing against Wells Fargo Trustee, Wells Fargo Bank, N.A. ("Wells Fargo"), and JPMorgan Chase Bank, N.A. (collectively, "defendants"), and the denial of her request for reconsideration.[1] We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Peterson's claims stem from a mortgage foreclosure action that Wells Fargo brought against her in Hartford Superior Court in 2009. In that action, Wells Fargo moved for summary judgment as to Peterson's foreclosure liability, which Peterson did not oppose and which the court granted on January 4, 2010. The parties subsequently entered the court's foreclosure mediation program to determine whether Peterson was eligible for loss mitigation. The state court, however, terminated mediation as a result of Peterson's purported failure to provide required documentation and entered a judgment of strict foreclosure on August 13, 2012. Peterson moved to open the judgment, arguing that defendants obtained it through "multiple false representations" and "via false and

---

[1] Peterson also asserted claims for slander of title, quiet title, negligence, declaratory and injunctive relief, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Because Peterson does not raise any arguments in her brief regarding the district court's disposition of those claims, she has abandoned those claims on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

fraudulent means . . . designed to . . . deceive the court." Supp. App'x 58, 60. Following

a hearing, the court denied Peterson's motion to open as well as her subsequent motion for

reconsideration. Peterson's appeals from those decisions were dismissed as untimely.[2]

On October 22, 2014, after the conclusion of the state proceedings, Peterson

commenced this federal action. Peterson's claims are premised on the same alleged wrong

argued in state court: that defendants fraudulently obtained the foreclosure judgment

against her by submitting false affidavits and other documents. The district court

dismissed Peterson's claims as barred by *res judicata*, reasoning that the prior state

foreclosure action was adjudicated on the merits and involved the same parties, and that

her claims in this action were or could have been raised in the state action.

On appeal, Peterson argues, *inter alia*, that her claims are not precluded by the state-

court action and that the district court abused its discretion in denying her leave to amend.

In response, defendants argue that *res judicata* properly applies to Peterson's claims, which

are barred in any event under the *Rooker–Feldman* doctrine.

The latter point, which defendants pursue for the first time on appeal, merits little

discussion because it would, at most, deprive federal courts of subject-matter jurisdiction

---

[2] On January 5, 2018, after this appeal had been submitted to the panel, Peterson moved to remand to the district court in light of a recent order of the Appellate Court of Connecticut directing the parties to submit additional briefing on whether Peterson's state appeals properly were dismissed as untimely. 2d Cir. 16-3635-cv, Dkt. No. 97. This alleged new evidence, however, does not disturb the district court's analysis or alter our decision to affirm. To the extent Peterson suggests that her still-pending state appeal negates application of the principles of preclusion, under Connecticut law, a pending appeal does not prevent application of *res judicata* or collateral estoppel. *See LaBow v. Rubin*, 897 A.2d 136, 143 (Conn. App. Ct. 2006). Accordingly, Peterson's motion to remand is DENIED.

3

only to the extent Peterson's prayer for relief seeks vacatur of the state court's foreclosure judgment, not to the extent she seeks compensation for defendants' fraud while leaving the state judgment in place. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427–28 (2d Cir. 2014) (determining *Rooker–Feldman* does not prevent district court from reviewing claim for damages stemming from allegedly fraudulent state foreclosure judgment, because adjudication of claim "does not require the federal court to sit in review of the state court judgment").

To the extent Peterson's claims were dismissed on the basis of *res judicata*, we review that determination *de novo*. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997).

*Res judicata* requires a federal court to give a state-court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (internal quotation marks omitted). Under Connecticut law, a prior action bars subsequent litigation between the same parties arising from the same subject matter, provided the precluded party "had an adequate opportunity to litigate the matter" in the prior proceeding. *Id.* A party has not had an adequate opportunity to litigate a claim if "the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion." *Id.* at 71 (internal quotation marks omitted).

Peterson did not have an adequate opportunity to litigate her claims for negligent misrepresentation, fraud by non-disclosure, wrongful foreclosure, and breach of good faith

4

and fair dealing in the state foreclosure proceedings.  As the defendant in that action, Peterson could have pressed those theories of relief only as counterclaims.  The alleged fraud about which Peterson now complains, however, occurred during the foreclosure proceeding itself, and only after the court already had resolved the issue of liability.  *See CitiMortgage, Inc. v. Rey*, 92 A.3d 278, 282–85 (Conn. App. Ct. 2014) (concluding counterclaim in foreclosure action permissible only if it "arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint" (internal quotation marks omitted)).  Accordingly, Peterson's claims are not barred by *res judicata*.

Nevertheless, collateral estoppel provides an alternative basis for affirming the district court's dismissal.  *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied.").  Under Connecticut law, collateral estoppel "prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 32 (2d Cir. 2017) (internal quotation marks omitted).  "An issue decided against a party in a prior proceeding may not be relitigated if:  (1) it was fully and fairly litigated in the first action; (2) it was actually decided; and (3) the decision was necessary to the judgment." *Id.* (internal quotation marks omitted).

In moving to open the state foreclosure action, Peterson argued the same issues she now raises in federal court:  that defendants obtained the foreclosure judgment "via false and fraudulent means which were designed to . . . deceive the court."  Supp. App'x 58, 60.  There, as here, she argued that defendants had submitted false affidavits and documents

5

stating that she had not provided the required documents for loss mediation or participated in the loss mediation program. She also argued that defendants had submitted the incorrect bankruptcy court information. The state court held an evidentiary hearing on these matters before rejecting Peterson's arguments and denying her motion to open the judgment. She moved unsuccessfully for reconsideration on the same grounds. Thus, the issue of defendants' fraudulent conduct in the underlying foreclosure action was fully and fairly litigated and actually decided against Peterson. Moreover, that decision was necessary to the state court's ruling because a finding of fraud during the foreclosure proceedings otherwise would have warranted granting Peterson relief from judgment. *See Wells Fargo Bank, N.A. v. Melahn*, 85 A.3d 1, 5–7 (Conn. App. Ct. 2014) (observing court may set aside strict-foreclosure judgment based on fraud).

In sum, because Peterson failed on these issues in state court, she cannot relitigate them in federal court. The district court therefore properly dismissed the complaint.

While a district court generally should grant a *pro se* litigant leave to amend before dismissing the complaint, the court did not abuse its discretion in denying leave here because amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). As Peterson was barred from asserting her claims, repleading would not cure the deficiencies in her complaint.

We have considered all of Peterson's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
