*A.P. v. Dannhauser*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> MARIA ARAÚJO KAHN,
> *Circuit Judges,*

_____

A.P., N.P., C.P., T.K.P.,

> *Plaintiffs-Appellants*,

> v.                                           25-1030

COMMISSIONER JESS DANNHAUSER, DAVID HANSELL, JOSEPH CARIDIERI, GEORGIA M. PESTANA, ALAN W. SPUTZ, JACQUELINE SHEA BENSON, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, ERIC ADAMS, CITY OF NEW YORK,

> *Defendants-Appellees*.

_____

For Plaintiffs-Appellants:                   ELLIOT B. PASIK, Long Beach, NY.

For Defendants-Appellees:               JEREMY W. SHWEDER (Richard Dearing, D. Alan Rosinus Jr., *on the brief*), Of Counsel, *for* Muriel

Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants A.P., N.P., C.P., and T.K.P. ("Plaintiffs") appeal from a judgment entered by the United States District Court for the Eastern District of New York (Chen, *J.*) on March 26, 2025, dismissing their complaint without prejudice. Plaintiffs alleged several 42 U.S.C. § 1983 claims and state law claims against Defendants-Appellees—the City of New York (the "City"), the New York City Administration of Child Services ("ACS"), and the following persons in their individual and official capacities: Jess Dannhauser, Commissioner of ACS; David Hansell, former Commissioner of ACS; Joseph Caridieri, General Counsel of ACS; Georgia M. Pestana, Corporation Counsel for the City of New York; Alan W. Sputz, Special Assistant Corporation Counsel for the City of New York; Jacqueline Shea Benson, Special Assistant Corporation Counsel for the City of New York; and Eric Adams, Mayor of the City of New York ("Defendants"). The district court concluded that Plaintiffs failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), denied Plaintiffs leave to amend their complaint under Federal Rule of Civil Procedure 15, and dismissed their suit without prejudice. On appeal, Plaintiffs challenge the district court's dismissal, denial of leave to amend their complaint, and argue that the district court judge's bias and hostility warrant reversal and disqualification. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## I.    Failure to State a Claim

"We review a district court's decision to dismiss a complaint under Rule 12(b)(6) *de novo*." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131 (2d Cir. 2021).   At this stage of the proceedings, we "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in [the plaintiffs'] favor."   *Id.* (quoting *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 103 (2d Cir. 2019), *cert. denied*, -- U.S. --, 140 S. Ct. 2670, 206 L.Ed.2d 823 (2020) (internal quotation marks omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.*   (citation omitted). Plaintiffs contend that their complaint meets this standard.   We disagree.

As a threshold matter, the district court was correct in its determination that the following Defendants are not proper parties to the case.   ACS is a non-suable agency of the City.   N.Y. City Charter, Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").   Additionally, the individual officers listed as Defendants in their official and individual capacities were properly dismissed from the suit. First, Plaintiffs' suit against officers in their official capacities is redundant because Plaintiffs have already named the City as Defendant.   *See O'Connor v. Pierson*, 568 F.3d 64, 71 (2d Cir. 2009)

("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985))).   Second, the officers in their individual capacities were properly dismissed because Plaintiffs fail to allege any facts that show the officers' "personal involvement in the alleged constitutional deprivation" and thus fail to establish each officer's liability in the alleged constitutional deprivation.   *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).   "Vague and conclusory allegations" will not suffice.   *Darby v. Greenman*, 14 F.4th 124, 131 (2d Cir. 2021) (alteration and citation omitted).

Plaintiffs' Section 1983 claims against the remaining Defendant, the City, were also properly dismissed.   Under *Monell v. Department of Social Services of City of New York*, a municipality or municipal agency may be liable under Section 1983 when its policy or custom causes a constitutional violation.   436 U.S. 658, 694 (1978).   "The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right."   *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020) (citation omitted).   "A municipality cannot be held liable on the theory of *respondeat superior*; the plaintiff must establish that the municipality's policy or custom *itself* was a 'moving force of the constitutional violation.'"   *Chislett v. New York City Dep't of Educ.*, -- F.4th --, 2025 WL 2725669, at * 6 (2d Cir. Sept. 25, 2025) (emphasis in original) (quoting *Monell*, 436 U.S. at 691).

We agree with the district court that Plaintiffs' allegations fail to state a *Monell* claim.   *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (holding that the plaintiff did not allege a "persistent or widespread municipal policy or 'custom . . . with the force of law' . . . other than her general and conclusory allegation that there was such a policy").   In the Section 1983

context, mere allusion to an ACS policy and an allegation of failure to train, without more, does not pass muster under the Rule 12(b)(6) standard.

**II.     Leave to Amend**

"While ordinarily, we review denial of leave to amend under an abuse of discretion standard, when the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a de novo review." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (cleaned up). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (citation omitted).

Plaintiffs' proposed amendment—to include an ACS report and three other complaints from other cases involving ACS removals—is futile. Importantly, the three complaints that Plaintiffs reference did not "result in an adjudication of liability." *Buari v. City of New York*, 530 F. Supp. 3d 356, 399 (S.D.N.Y. 2021). "[U]nproven allegations in a handful of cases . . . do not plausibly allege the existence of an unconstitutional policy, sufficient to defeat a motion to dismiss a *Monell* claim." *Isaac v. City of New York*, No. 16-CV-4729, 2018 WL 5020173, at *17 (E.D.N.Y. Aug. 6, 2018) (collecting cases), *R & R adopted*, 2018 WL 4583481 (E.D.N.Y. Sept. 24, 2018). Furthermore, the data that Plaintiffs reference in their complaint does little to prove their allegation of a city policy or custom. The assertion that 39 to 45% of cases involving emergency removals of children by ACS were ultimately closed as unfounded does not support Plaintiffs' allegation that Defendants have a custom of commencing and maintaining child abuse cases in bad faith. Accordingly, we affirm the district court's denial of leave to amend.

**III.    Judicial Bias and Hostility**

For the first time on appeal, Plaintiffs argue that judicial bias and hostility warrant reversal of the judgment and that an alleged violation of Canon 3 of the Code of Conduct for United States Judges requires disqualification of the district court judge.    We are unpersuaded.

As a preliminary matter, Plaintiffs' claims of judicial bias and hostility are waived by implication.    During the district court proceedings, Plaintiffs did not move for Judge Chen's recusal or disqualification pursuant to the recusal statutes, 28 U.S.C. § 144 or 28 U.S.C. § 455. Plaintiffs had nine months to do so and their untimeliness constitutes ample basis for finding an implied waiver.    *See United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000).

Even assuming that Plaintiffs did not impliedly waive their arguments regarding judicial bias and hostility, these arguments fail on their own merits.    We review a district court's decision not to recuse for abuse of discretion.    *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021). Here, the district court judge's impartiality could not reasonably be questioned.    *See United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996).    The district court judge acted within her discretion when she extended the time for Defendants to file their papers in support of their motion to dismiss by a month.    Similarly, the court appropriately determined that Plaintiffs' reconsideration motion, filed seven months after the fact, was "grossly and unjustifiably untimely."    Indeed, the reconsideration request for redaction was unnecessary because the parents were already proceeding by their initials.    Given the belated and meritless nature of the motion, we conclude that the district court judge's directions to Plaintiffs to familiarize themselves with the local rules of the court, lest they risk Rule 11 sanctions, was more than reasonable.

For all the aforementioned reasons, Plaintiffs have wholly failed to demonstrate that the district court "engage[d] in behavior that [was] harassing, abusive, prejudiced, or biased."    *See*

6

Canon 3. As the Supreme Court has cautioned, recusal "was never intended to enable a discontented litigant to oust a judge because of adverse rulings made[.]" *Liteky v. United States*, 510 U.S. 540, 549 (1994) (quoting *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 55 (1913)).

\* \* \*

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
